FRANZ
v.
STATE.

judgment in this case, in accordance with the requirements of the law. Let the record be remitted to the court below, with directions to that effect.

## FRANZ vs. THE STATE.

This court cannot take notice of proceedings had upon the trial of a criminal action, although the minutes of them, as taken by the clerk or judge, are returned by the clerk as part of the record. They must be embraced in a bill of exceptions in order to become a part of the record, or be entitled to notice.

A sentence in these words, "The court sentences the prisoner as follows: that the said *F—— F——* be punished by confinement in the state prison," &c., though lacking in formality, purports to be the judgment of the court, and is sufficient.

ERROR to the Circuit Court for *Manitowoc* County.

*Franz*, indicted jointly with Peglow, for murder, as stated in the preceding case, was convicted of manslaughter in the first degree. There was no bill of exceptions made. The only question in this court was as to the validity of the judgment or sentence, which was in these words—"The court sentences the prisoner as follows: That the said *Frederick Franz* be punished by confinement at hard labor, in the state prison, at Waupun, for the term of ten years, and that ten days of each year, during said term, be passed in solitary imprisonment."

*E. Fox Cook*, for plaintiff in error.

*J. H. Howe*, Attorney General, for the state.

October 15.   *By the Court*, DIXON, C. J. With the exception of the form of the sentence which was awarded, the position of this case is precisely the same as that of *Peglow vs. The State*. At the April term, 1857, of the circuit court for the county of Manitowoc, the plaintiff in error and Peglow were jointly indicted for the murder of one John W. Shultz, alleged to have been committed by them in that county, on the 12th day of

December, 1856. At the October term, 1857, they received
separate trials. Peglow was found guilty as charged in the
indictment. The plaintiff was convicted of manslaughter in
the first degree, and sentenced by the court to ten years im-
prisonment in the state prison. There is no bill of excep-
tions in the case, and we are of opinion that the record shows
no error. The only one urged goes merely to the form of
the sentence. By a further return, which was made pursu-
ant to an order of the court, it appears that all the substan-
tial requirements of the statute were complied with; and al-
though the judgment is not recorded with as much precision
and formality as it might have been, it nevertheless is suffi-
ciently certain, and does not appear as the recital or history
of the clerk, but as the act and consideration of the court, by
which it was adjudged, "that the said *Frederick Franz* be
punished by confinement at hard labor, in the state prison
at Waupun, for the term of ten years, and that ten days of
each year, during said term, be passed in solitary imprison-
ment."

The judgment is therefore affirmed.