Connell v. Stelson.

## Connell v. Stelson.

1. **Justice of the peace: JURISDICTION.** Where a justice of the peace to whom a case for assault and battery had been sent on change of venue from another justice, refused to act, and the officer in charge of the defendant and against his objection took him before another justice of the peace, who, against the continued objection of defendant, proceeded to try the case, and rendered judgment therein against the defendant, it was *held*, that the judgment was void for want of jurisdiction.

| | |
|---|---|
| 33 | 147 |
| 86 | 94 |
| 33 | 147 |
| 101 | 485 |
| 33 | 147 |
| 115 | 624 |
| 33 | 147 |
| 426 | 320 |

2. **Injunction: VOID JUDGMENT.** A court of chancery will grant relief, by injunction, against a judgment void for want of jurisdiction.

*Appeal from Cerro Gordo District Court.*

TUESDAY, DECEMBER 21.

PROCEEDING in chancery to enjoin the collection of a judgment rendered against plaintiff by a justice of the peace upon a complaint for an assault and battery. The following facts are disclosed by the record: Upon the plaintiff being arrested and taken before Abel Dunham, a justice of the peace, he made application for a change of

venue, which was granted, and the case, against plaintiff's objection, was sent to Nathan Bass, another justice of the same county, but not the next nearest justice. Upon plaintiff being taken before the last-named justice, he refused to take jurisdiction of the case upon the ground that he was not duly qualified to act as a justice of the peace. Thereupon the officer, having the custody of plaintiff, took him before another justice of the peace of the county, E. A. Tuttle, who was not, however, "the next nearest justice" to the officer first above named, Dunham, who had issued the warrant for the arrest of plaintiff. Thereupon Tuttle took cognizance of the case against plaintiff's objection, and proceeded to try it, and rendered a judgment against plaintiff for a fine and costs. The plaintiff then prosecuted a writ of certiorari issued by the district court, but upon a hearing that court refused to take jurisdiction of the case and sent it to the circuit court against plaintiff's objection. The circuit court, upon consideration of the question, refused to take cognizance of the case, and sent it back to the district court. When the proceedings came again before the district court, an order was made against plaintiff's objection, striking the case from the docket. No order was made directing the justice entering the judgment to proceed in enforcement of the judgment. An execution was issued by the justice and placed in the hands of defendant, who is the sheriff of the county.

A preliminary injunction was allowed, which, upon motion of defendant (the State having been substituted as defendant), the facts above stated being made to appear by the pleadings and affidavits, was dissolved. From this order plaintiff appeals.

*Charles Mackenzie* for the appellant.

No appearance for the appellee.

Connell v. Stelson.

BECK, J. — I. The injunction should not have been dissolved. The judgment entered by the justice is clearly

1. JUSTICE OF THE PEACE: jurisdiction. void, having been rendered without jurisdiction. The officer having the plaintiff in custody had no authority, upon the justice to whom the case had been sent refusing to act, to take the plaintiff before any other officer he chose to select, and the justice before whom he was brought in this manner acquired no jurisdiction of the case. The proceedings were not brought before him in a manner prescribed by law, and he was not authorized to take cognizance thereof. To sanction such proceedings would open a wide door to abuse. The constable or sheriff, having a party in custody, under such circumstances, could select the justice of the peace to try the case. It cannot be claimed that these officers possess any such authority.

II. The judgment being void, and an attempt being made to enforce it, a court of chancery has authority to

2. INJUNCTION: void judgment. enjoin such unconscionable proceedings. This is the settled doctrine of this State. *Givens* v. *Campbell*, 20 Iowa, 80.

III. The defendant had a remedy at law, and it appears that he attempted to pursue it, but, on account of a misapprehension of the law by the court to which he applied for relief, he was defeated in his efforts. *Thompson* v. *Reed*, 29 Iowa, 117; *Hunt* v. *Free et al.*, id. 156. Whether he has attempted to correct, by appeal, the erroneous decision in the certiorari proceeding here referred to, does not appear. Whether he has or not, the chancery courts of this State would not permit the void judgment to be enforced against him. The judgment being void, he might also, in a legal way, have resisted the enforcement of the execution. But such a remedy is not adequate. Chancery will interfere to grant speedy and adequate relief.

The order of the court dissolving the injunction is

Reversed.