TENNIS V. ANDERSON ET AL.

1. **Jurisdiction:** JUSTICE OF THE PEACE: CHANGE OF VENUE. The jurisdiction of a justice of the peace, in a suit transferred to him by another justice of the same county on a change of venue, cannot be questioned in a collateral proceeding on the ground that he was not the nearest justice to the one from whom the change was taken.

*Appeal from Winnebago Circuit Court.*

THURSDAY, APRIL 7.

ACTION upon a replevin bond. The defendants appeal from an order striking from the files their answer to the petition. The facts of the case appear in the opinion.

*O. Mosness,* for appellants.

*Butler & Smith,* for appellee.

BECK, J.—I. The plaintiff declares on a replevin bond given in an action brought before P. H. Peterson, a justice of the peace of Norway township, Winnebago county. The petition shows that judgment for the return of the property was rendered in the action against the plaintiff therein, Haukness, which he has failed to perform as well as to pay the damages and costs adjudged against him. Haukness and his surety, Anderson, are made defendants in this action. The surety answered the petition alleging the following facts: That the defendant in the action of replevin, who is plaintiff in this suit, filed an application for a change of venue from the justice issuing the writ; that one Price was a justice of the peace in the same township, and the next nearest justices in another township of the same county were Chapman and Kleven; that the defendant in the replevin suit fraudulently caused Price to be subpœnaed as a witness and caused the names of Chapman and

VOL. LV—40.

Kleven to be entered upon the docket as his attorneys, and thereupon he demanded that the cause, upon the change of venue being granted, be sent to one Grosley, a justice of the peace of the county, residing in another township, which was done, and thereupon Grosley assumed jurisdiction of the cause and rendered judgment against the plaintiff therein, the defendants in this case, for the return of the property and for costs. The answer alleges that Grosley did not have jurisdiction of the cause, for the reason that he was not a resident of the township in which the action was commenced and was not the next nearest justice. Upon motion of the plaintiff the part of the answer setting out this defense was stricken from the files.

II. The question upon which the decision of the case turns is this: Did Grosley have jurisdiction of the case?

Upon a proper application being filed for a change of venue the case must be sent to the nearest justice of the same township, if there be any, if not to the next nearest in the county. Code, § 3534. The justice who grants the change of venue is charged with authority to determine to what justice the case may be sent. This is done in the exercise of his judicial functions. If the justice selected by him is not the next nearest justice in fact, and the case is sent to him through a mistake of the other justice in deciding upon the question of the distance of the place of his residence, or the want of capacity of the nearest justices to try the case, it is but a judicial error which cannot affect the validity of further proceedings. The justice receiving the case upon change of venue has not authority to review the decision of the justice ordering the change of venue. If there should be a difference of opinion as to the law or facts the case might fail and justice be defeated if this position be not correct.

The justice finally trying the case had jurisdiction throughout the county. Code, § 3507. Suits are to be commenced in the townships wherein defendants reside, or are

served with notice, or, in action of replevin, in the township wherein the property is found. Sections 3509, 3510 and 3511.

Actions commenced in one township may be sent on change of venue to justices residing in another. Code, § 3534. The justice to whom an action is sent on change of venue acquires jurisdiction, if he resides in the same county with the justice sending him the case.

If a cause be sent to the wrong justice, the error must be corrected as other errors committed by justices of the peace. It cannot be set up, in a collateral proceeding, to defeat the judgment rendered in the case. Defendant, therefore, should have sought a remedy to correct the error committed by the justice granting the change of venue.

*Connell v. Stelson*, 33 Iowa, 147, differs from this case in that there was no adjudication or order of the justice sending the case to one who was not the next nearest justice. The plaintiff in that case was under arrest, and the officer took him before a justice, to whom the case had not been sent by the justice granting the change of venue, and thereupon jurisdiction of the cause was assumed by the justice before whom the officer had taken the prisoner.

We think the court below correctly ruled in striking the answer of defendant.

AFFIRMED.