BREMNER v. HALLOWELL ET AL.

1. Justice of the Peace: CHANGE OF VENUE: "NEXT NEAREST JUSTICE." When a justice of the peace grants a change of venue, he must send the papers to the "next nearest justice," and must designate by name who the next nearest justice is. Until he does this, he retains jurisdiction of the cause, and no other magistrate to whom the papers may be taken can acquire jurisdiction.

*Appeal from Henry Circuit Court.*

WEDNESDAY, OCTOBER 4.

ACTION on account before a justice of the peace; judgment for the plaintiff. Defendants sued out a writ of error and the Circuit Court set aside the judgment of the justice. The plaintiff appeals.

*A. W. Kinkead*, for appellant.

*Clay B. Whitford*, for appellee.

SEEVERS, CH. J.—We are only required to determine the questions certified to us by the circuit judge. We shall state the facts only as shown by the abstract which bear upon the single question determined. The action was commenced before justice Leedham. The defendants asked a change of venue, and the following order was thereupon made: "Change of venue is allowed and the papers and transcript sent to the next nearest justice of Center township." No determination was made as to who was the nearest justice. The papers were handed to a constable who took them to justice Jericho who was not the next nearest justice, but not finding him at his office, the papers were taken to the office of Mayor Drayer who was not the next nearest justice to Leedham. Drayer dismissed the case for want of jurisdiction, but granted leave to plaintiff to withdraw the papers from file, whereupon the papers were taken and filed before justice Whitford, who was the next nearest justice to Leedham. On application of

plaintiff, Whitford granted a change of venue and ordered the papers sent to justice Jericho who rendered judgment for the plaintiff. We are asked: "Did Jericho acquire jurisdiction of the case and have the authority to hear the same." This question must be answered in the negative for the simple reason that Leedham never lost jurisdiction of the parties or subject-matter. When a change of venue is granted by a justice of the peace, it is his duty to send the papers to the next nearest justice. Code, § 3534. This of necessity requires the justice granting the change to designate by name who is the nearest justice. This is a judicial determination and in no other way can it be known who is the proper justice to whom the case has been transferred. *Tennis v. Anderson*, 55 Iowa, 625. Neither the constable nor any other person can determine who is the nearest justice. *Connell v. Steeson*, 33 Iowa, 147. Until Leedham determined and designated who was the nearest justice, the change of venue was not complete for the reason just stated, and that is, no one but the justice could determine such question. The cause, therefore, remained before Leedham. It is insisted the failure of the justice to designate who was the next nearest justice should not prejudice the plaintiff. But we think the parties should have seen that the required order was made which was necessary to complete the change. The proceedings before Drayer, Whitford and Jericho, are void for want of jurisdiction. It is unnecessary to determine the other questions certified.

AFFIRMED.