Martin vs. The State.

MARTIN, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 9 — February 24, 1891.*

CRIMINAL LAW AND PRACTICE. *Preliminary examination: Plea in abatement: Receiving verdict: Sentence: Jurisdiction.*

1. Under sec. 4654, R. S., as amended by ch. 173, Laws of 1881, no information can properly be filed against an accused person, until a preliminary examination has been had, or has been waived by him.

2. The want of such preliminary examination can be taken advantage of by the accused only by plea in abatement before he has pleaded to the merits. Regularly, such plea should be disposed of by raising an issue by demurrer or reply and trying the same; but if, instead thereof, a motion to sustain such plea is made by the defendant and overruled by the court, the supreme court, on writ of error,

Martin vs. The State.

will treat such motion as one to pass upon the question whether the plea was sustained by the evidence in the record before the trial court, and not one as to the sufficiency of the plea as such, and will decide accordingly.

3. The magistrate before whom an accused person is brought for a preliminary examination is the proper person to determine who is the nearest qualified magistrate to whom the papers are to be transmitted, in case the accused makes oath for the removal of the examination as provided by sec. 4809, R. S., and his decision of the question is conclusive. It cannot be raised before the magistrate to whom the papers are transmitted.

4. It is not error to join in the same information two counts charging the accused with two separate offenses of the same character, committed in the same locality, and about the same time, and it is a matter within the discretion of the trial judge whether or not to require the prosecuting attorney to elect on which he will rely.

5. A verdict in a criminal case may be received by the trial court, when regularly in session, if the defendant himself is present, though his counsel is absent.

6. That the prosecuting attorney commented to the jury upon the fact that the defendant did not offer himself as a witness in his own behalf, in violation of sec. 4071, R. S., if not in any way objected to at the time, will not be considered by the supreme court, on error, as a ground for a new trial.

7. A sentence in a criminal case need not be signed by the trial judge. It is sufficient that it be pronounced by the court and entered by the clerk in his minutes as the sentence of the court.

8. The act creating the municipal court of Ashland county, and conferring upon it exclusive jurisdiction in all criminal cases except murder and rape (ch. 94, Laws of 1889), was clearly prospective, and did not take away any jurisdiction which had vested in the circuit court before that act went into effect. A cause was pending in the circuit court as soon as the accused had been held to bail to appear therein and answer an information, and that court had jurisdiction to try and determine the cause, although the municipal court was organized before the trial.

ERROR to the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The plaintiff was convicted of the crime of burglary committed in the city of Ashland, in the county of Ashland.

The district attorney of said county, on the 6th of June, 1889, filed in the circuit court of said county an information in the following language:

" I, George P. Rossman, district attorney for 'said county, hereby inform the court that on the 16th day of January, in the year 1889, at said county, *F. G. Martin*, at the store building of R. W. French, situated in the city of Ashland, in said county, in the night-time of the same day, then and there unlawfully, feloniously, and burglariously did break and enter, with intent then and there the goods, chattels, and property of said R. W. French, then and there in said store building being found, then and there feleniously and burglariously to steal, take, and carry away, against the peace and dignity of the state of Wisconsin.

" II. I, Geo. P. Rossman, aforesaid, do further inform the court that on the 16th day of January, in the year 1889, at said county, *F. G. Martin* did, at the store building of M. Silber & Co., situated in the city of Ashland, in said county, in the night-time of the same day, then and there unlawfully, feloniously, and burglariously did break and enter, with intent then and there the goods, chattels, and property of said M. Silber & Co., then and there in the said store building being found, then and there feloniously and burglariously to steal, take, and carry away, against the peace and dignity of the state of Wisconsin. Dated May 27th, 1889.                                    George P. Rossman,
                                                    " District Attorney."

Before any other proceedings were had in the case, the plaintiff in error, by his attorney, filed a plea in abatement, as follows: " And now comes defendant above named, and, as a plea in abatement to the information herein filed, alleges: (1) That defendant was not, prior to the filing of the information herein, examined before any magistrate, or other officer qualified by law, upon the said charge; and as to the offense set out in said information he never at any

time had a preliminary examination therein, or for such offense, and has never on said charge waived the same. (2) That, on the second count in said information set forth, said defendant alleges that neither prior to the filing of the same, or at any other time, has defendant had a preliminary hearing or examination on the said charge before any magistrate or officer qualified by law to hold the same, and that the defendant has never waived the same. [Signed] F. G. MARTIN." This plea was verified by the defendant's affidavit, as follows: " *State of Wisconsin, Ashland county — ss.:* F. G. Martin, being duly sworn, upon oath says that he is the defendant above named, and that he has heard read the above and foregoing plea in abatement, and knows the contents thereof, and that the same is true of his own knowledge. F. G. MARTIN. Subscribed and sworn to before me this 6th day of June, 1889. W. O'KEEFE, Notary Public, Ashland County."

The only proceeding had upon said plea in abatement, appearing in the record of the trial, was as follows: " Motion by the defendant that the plea in abatement be sustained in his behalf. Motion denied, and exception by the defendant."

The further proceedings in the case were as follows: The defendant then moved " that the attorney for the state be required by the court to elect upon which count in the information he will stand upon." This motion was also denied, and the defendant excepted; and thereupon a jury in the case was sworn, and the state produced its witnesses, and the case was tried by the jury. No witnesses were produced on the part of the defendant. Before the case was submitted to the jury, the state moved the court to withdraw from the consideration of the jury the second count in the information. The court granted the motion, and the defendant excepted. After hearing the arguments of counsel and the instructions of the court, the jury returned a verdict finding the defendant guilty of the offense

charged in the first count of the information; and thereupon the defendant moved in arrest of judgment, and for a new trial, on the ground that the verdict was rendered in the absence of counsel for the defendant, and upon the ground that the counsel for the state had improperly commented upon the fact that the defendant did not testify in his own behalf on the trial.  This motion was overruled, and thereupon the court sentenced the defendant in the following language: "It is hereby adjudged that you, *Frank G. Martin*, be sentenced to be confined at hard labor in the state prison at Waupun, by the warden thereof, for the period of four years; that the first day of your imprisonment, and the 5th day of February each year thereafter, be solitary confinement.  The term of your imprisonment shall begin at noon to-day.  Let the sheriff of Ashland county put this judgment into execution.  Dated this 8th day of June, A. D. 1889."

The defendant excepted to the instructions of the court to the jury, and also to the rulings of the court upon the introduction of evidence on the trial.  A bill of exceptions has been duly settled, in which the exceptions of the defendant are preserved.

*Rublee A. Cole*, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and oral argument by *Mr. Clancey*.

TAYLOR, J.  The first error alleged by the learned counsel for the plaintiff in error is the ruling of the trial court upon his motion to sustain his plea in abatement.  What the object of the learned counsel was in making such motion at the time it was made, and before a jury was impaneled to try the issues in the case, is not entirely clear.  We think, however, that this court must treat the motion as having been made upon the plea itself, and upon the record therein

supposed to be before the court, as of itself containing evidence sufficient to sustain such plea. There does not appear to have been any reply to the plea, either by way of demurrer or reply. It would not be just, therefore, to treat the motion as a motion asking the court to pass upon the sufficiency of the plea as a plea in abatement. Treating the motion as a motion to pass upon the question whether the plea was sustained by the evidence contained in the record in the case, we think it was properly decided that its allegations were proved by the record.

The object of the plea was to have the court pass upon the question whether the defendant had been properly arrested and examined upon the charges contained in the information before the information against him was filed in the circuit court. Sec. 4654, R. S., as amended by ch. 173, Laws of 1881 (2 S. & B. Ann. Stats. p. 2330), expressly provides that "no information shall be filed against any person for any offense until such person shall have had a preliminary examination, as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination; . . . but no failure or omission of such preliminary examination shall in any case invalidate any information in any court unless the defendant shall take advantage of such failure or omission, before pleading to the merits, by a plea in abatement."

When an examination of a person accused of any crime is had before a justice or other examining magistrate, and such justice or magistrate finds there is reasonable ground for believing the party charged guilty of the offense charged against him, he shall hold him to trial, and commit him to the jail of the proper county, if bail be not furnished. Sec. 4792, R. S. (2 S. & B. Ann. Stats. p. 2370). And upon holding the party to bail, or committing him, the examining magistrate is required by sec. 4801, R. S. (2

S. & B. Ann. Stats. p. 2372), to certify and return to the clerk of the court before which the party charged is bound to appear, within ten days after the close of the examination, all examinations, evidence, and recognizances taken by such examining magistrate. And sec. 4653, R. S., as amended by ch. 257, Laws of 1889 (2 S. & B. Ann. Stats. p. 2329), makes it the duty of "the district attorney of the proper county to inquire into and make full examination of all the facts and circumstances connected with any case of preliminary examination, as provided by law, touching the commission of any offense whereon the offender shall have been committed to jail or become recognized or held to bail, and to file an information setting forth the crime committed, according to the facts ascertained on such examination, and from the written testimony taken thereon, whether it be the offense charged in the complaint on which the examination was had or not." The remainder of the section authorizes the district attorney to decline in certain cases to file an information against the accused.

It is clear from the sections of the statutes above quoted that no information can be properly filed against an accused person until a preliminary examination has been had, as authorized and provided by law, unless the accused, upon being arrested and brought before an examining magistrate, shall waive such examination; and it is also equally clear that, under the statute, the want of such preliminary examination can only be taken advantage of by the party informed against, by pleading that fact in abatement of the information before pleading to the merits.

The learned counsel for the plaintiff in error was correct in filing his plea setting up that matter as a plea in abatement before pleading to the merits. The more orderly rule would be for the attorney for the state, in such case, either to demur to the plea, if he thought it insufficient, or, if sufficient, and the state denied its truth, to reply to

the plea, and try the issue so formed, before proceeding to try the defendant for the offense charged. The regular course of proceeding was not taken in this case, and, as said above, we must treat the action of the court in not allowing the plea as founded upon the evidence furnished by the return of the examining magistrate, on file in the court, and upon which the information was based. Treating that as before the court, the plea was wholly unsupported. The return of the examining magistrate conclusively showed that an examination had been had in compliance with the law, and that he had made the proper order holding the defendant to bail, or had committed him for want of bail.

The learned counsel for the plaintiff in error contends that the return of the examining magistrate shows on its face that no legal examination had been had, and alleges that the examining magistrate had no jurisdiction to make such examination. This contention is based on the allegation that the accused was arrested and brought before a justice of the peace, and on being brought before such justice he made the proper affidavit for the removal of the case to some other justice or magistrate, and that it was the duty of the magistrate before whom the accused was first brought to transmit the proceedings to the nearest justice or magistrate, and alleges that the magistrate to whom the proceeding was transferred was not the nearest justice or magistrate. The return of the magistrate shows that that objection was made by the accused when he was brought before him, and that he filed an affidavit showing that the examining magistrate was not the nearest justice or magistrate to the justice transmitting the papers to him. The statute under which the case was transferred by the justice before whom the accused was brought is sec. 4809, R. S. By this section it is provided that if the accused "shall make oath that from prejudice or other cause he believes

that such justice or other magistrate will not decide impartially in the matter, then the said justice or other magistrate shall transmit all the papers in the case to the nearest justice or other magistrate qualified by law to conduct the examination, who shall proceed with the examination in the same manner as though said defendant had first been brought before him."

The learned counsel for the plaintiff in error claims the right to raise the question, before the magistrate to whom the papers are transmitted, that he is not the nearest justice or magistrate to the justice who transmitted the papers to him. On the other hand, the district attorney claims that this question must necessarily be settled by the justice to whom the application is made. We are inclined to hold that the contention of the district attorney is a right construction of the statute, and that to construe it as contended for by the counsel for the plaintiff would lead to great confusion, and tend to defeat justice. If the question could be agitated before the magistrate to whom the papers were transmitted, and he should be of the opinion that the first justice had made a mistake, he could do nothing in the matter, and the prisoner would be at large, and justice might be entirely defeated. This question does not seem to have been expressly determined by this court. The question has been before the supreme court of Iowa upon a statute in all respects like the statute of this state, and that court held that the justice transmitting the papers was the justice to determine who was the nearest justice, and his judgment thereon was conclusive upon the parties. *Tennis v. Anderson*, 55 Iowa, 625; *Connell v. Stelson*, 33 Iowa, 147; *Bremner v. Hallowell*, 59 Iowa, 433. The construction given to the statute by the Iowa court, it seems to us, is the only construction consistent with a proper administration of justice. We must hold, therefore, that the records in the courts in this case at the time the defendant

filed his plea in abatement, and when he moved the court to allow the same, disproved the truth of his plea, and no injustice was done to the defendant by disallowing the same. If there was any irregularity in the manner of disposing of the plea, it did not prejudice the defendant's rights, and is no ground for reversing the judgment.

It is insisted that the motion made to the court to compel the district attorney to elect which one of the counts in the information he would rely upon on the trial should have been granted, and that it was error not to grant the motion. Whether the. court should have directed the district attorney to elect was a matter very much in the discretion of the trial judge; and such election cannot be demanded as a matter of right. *Newman v. State*, 14 Wis. 402; *State v. Fee*, 19 Wis. 562, 565; *State v. Gummer*, 22 Wis. 442, 443; *Miller v. State*, 25 Wis. 384; *State v. Leicham*, 41 Wis. 577; sec. 4650, R. S.; 1 Bish. Crim. Proc. § 421 *et seq.*, § 444 *et seq.* Stephen Crim. Proc. 154 and cases. These authorities clearly show that it is not error to join in the same information counts stating separate and distinct offenses, and that it is in the discretion of the trial court whether the prosecuting attorney shall be compelled to elect upon which he will proceed. In the case at bar the indications were that separate offenses had been committed in the same locality about the same time, and the circumstances pointed to the defendant as having committed both. Under these circumstances it was proper that the district attorney should charge both offenses in the same information; and it was not an abuse of discretion on the part of the court not to require him to elect, before the evidence was presented, upon which count he would ask for a verdict.

There certainly was no error of which the accused could complain in withdrawing from the consideration of the jury the guilt or innocence of the defendant as to the of-

fenses charged in the second count in the information. We have examined the exceptions taken to the evidence, and to the charge of the court to the jury, and find no substantial errors committed in either the admission of evidence or in the instructions to the jury. In these respects the case appears to have been carefully and fairly tried and submitted.

There was no error in receiving the verdict in the absence of the attorney for the defendant. The verdict was received while the court was regularly in session; and, if the counsel for the defendant desired to be present when the verdict was received, there was nothing to hinder his being present, and it was not the duty of the court to send for him. It was sufficient if the defendant himself was present when the verdict was received, and there is no complaint in that respect.

The learned counsel insists that the court should have granted a new trial because the district attorney made improper comments to the jury upon the fact that the defendant did not offer himself as a witness in his own behalf. If what the learned counsel stated in his affidavit for a new trial is a correct statement of what the district attorney said upon that question, there can be no doubt as to the gross impropriety of such statements. Sec. 4071, R. S., reads as follows: "In all criminal actions and proceedings the party charged shall at his own request, but not otherwise, be a competent witness; but his refusal or omission to testify shall create no presumption against him or any other party thereto." This section having expressly declared that the omission of the defendant in a criminal action to testify shall create no presumption against him, it was highly improper to intimate or argue to the jury that such omission should raise any presumption against him as to his guilt. On the part of the state, it is denied that the district attorney made the remarks attributed to him by the plaintiff in

error. There is nothing in the bill of exceptions, or even in the affidavit of the counsel for the defendant upon which he asked to set aside the verdict and for a new trial, which shows that such remarks were objected to by the defendant, or that the attention of the court was drawn to the fact that such remarks were being made to the jury, or any ruling of the court in regard to the propriety or impropriety of the same. Upon this state of the record, the question as to the propriety of the attorney's remarks is in no way in the case for the consideration of this court. *Baker v. State,* 69 Wis. 32, 41; *Hoffmann v. State,* 65 Wis. 46; *Santry v. State,* 67 Wis. 67.

It is urged by the learned counsel that there is no sufficient judgment or sentence in the case. It is asserted that the record does not show that the sentence pronounced against the defendant was pronounced by the court. In looking at the bill of exceptions, it is sufficiently shown that the sentence was pronounced by the court, and entered by the clerk on his minutes as the sentence of the court. This is sufficient, without the signature of the judge, or even that of the clerk. For anything appearing in the record or the bill of exceptions, the sentence and judgment may have been signed by the judge and clerk both; and, before this court would say the defendant had not been properly sentenced by the court, that fact must be plainly made to appear to this court. That the sentence in this case was the sentence of the court appears from the bill of exceptions quite as clearly as it did in the case of *Franz v. State,* 12 Wis. 536, which this court held sufficient.

The learned counsel for the plaintiff in error, as a further and final proposition, alleges that the circuit court of Ashland county had no jurisdiction to try the information against the plaintiff in error.

This proposition is founded upon the fact that on the 15th day of March, 1889, the legislature of the state cre-

ated the municipal court of the county of Ashland, and gave that court exclusive jurisdiction to try all criminal cases arising in said county except for murder and rape. Admitting this to be the effect of ch. 94, Laws of 1889, and that such court became fully organized when the governor appointed a judge for said court, who assumed such office under such appointment, and then became a court having such exclusive jurisdiction in criminal matters in said county (a proposition we do not affirm or disaffirm in this case), still we are clearly of the opinion that the circuit court had jurisdiction to try the information against this defendant. The act is clearly prospective, and does not take away any jurisdiction which vested in the circuit court when the act went into effect. In the case at bar the defendant was arrested in June, 1889, and his examination was had, and he was on the 26th of June, 1889, held to bail to answer any information which should be presented against him in said circuit court, and on the 28th of June, 1889, the magistrate before whom his examination was held made his return to said circuit court, as required by law. As to the defendant's case, the circuit court became possessed of the same from the date the defendant was held to bail to appear in said court. There is no provision in the act creating the municipal court which provides for transferring a case pending in that court when the act creating the municipal court takes effect. As the jurisdiction of the circuit court is not expressly divested by the creation of said municipal court, it necessarily had the jurisdiction of cases then pending therein. That this was the clear intent of ch. 94, Laws of 1889, is manifest from the provisions of sec. 10 of said act. Sec. 10 reads as follows: "Nothing in this act shall be construed as in any manner affecting the right or jurisdiction of any court, judge, justice of the peace, or police justice to hear, try, and determine any cause pending in such court, or before such judge, justice

of the peace, or police justice, or which may be commenced before the judge of the municipal court shall enter upon the duties of his office." This action was commenced and pending in the circuit court, within the meaning of said section, when the defendant was held to bail to answer an information against him in said court. We find no substantial error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.