The State vs. Sorenson.

THE STATE vs. SORENSON.

*December 7, 1892 — January 10, 1893.*

*Preliminary examination: Prejudice: Removal to nearest magistrate.*

1. Proceedings for the arrest and examination of offenders under ch. 195, R. S., are not proceedings in any court; and when such a proceeding is to be removed on the ground of prejudice of the magistrate before whom it is pending, it is his duty to send the case to such magistrate of either of the classes named in sec. 4775 as shall be nearest, qualified by law to conduct the examination.

2. In such a case the court commissioner before whom the proceeding was pending ordered that the case be sent to B., "he being the nearest *court commissioner* in said county qualified by law to conduct the examination." Sec. 4809 required the case to be sent " to the nearest justice or other magistrate qualified by law to conduct the examination." *Held*, that the order was not an adjudication that B. was the nearest justice or magistrate, and, he not being so in fact, and objection having been duly taken, the examination before him was not a legal preliminary examination.

REPORTED from the Circuit Court for *Racine* County. An information was filed against the defendant, charg-

The State vs. Sorenson.

ing him with wilfully and unlawfully selling intoxicating liquors on Sunday, contrary to the statute. Sec. 1565, R. S. The defendant pleaded in abatement of the information that he had never had a preliminary examination, as provided by law, before any examining magistrate or officer, and had never waived his right thereto. The state replied, in substance, that the action was commenced in the circuit court, before John T. Wentworth, a court commissioner of such court, and that the defendant filed an affidavit of prejudice of such commissioner, whereupon he transmitted all the papers in the action to E. B. Belden, the nearest magistrate of said circuit court to the office of said Wentworth, qualified by law to conduct the examination; that after a full and fair examination before said Belden, as such magistrate, according to law, the defendant was held for trial, and required to give, and did furnish, bail for his appearance for trial at the next term of the circuit court.

The issue on the plea was tried before the court, when it appeared from the return of said Belden, and a supplemental return, that, upon filing the affidavit of prejudice, Court Commissioner Wentworth entered an order "that all the papers and proceedings had in this cause be transmitted to E. B. Belden [county judge], he being *the nearest court commissioner* in said county qualified by law to conduct the examination." Before this order was made, the defendant's counsel moved said Wentworth to transmit the papers, etc., to R. L. Upchurch, who was a justice of the peace, as the nearest magistrate qualified by law to conduct the examination, and offered to prove that such was the fact, but Commissioner Wentworth refused to hear the proof, and refused to make such order, and the defendant objected to the order sending the case to Commissioner Belden; that after receiving the papers, etc., said Belden took jurisdiction of the case, and required the defendant to appear and proceed before him; that the defendant ob-

The State vs. Sorenson.

jected to and denied his jurisdiction, for the reason that he was not the nearest magistrate qualified, etc., but he overruled the objection, and took the testimony on the part of the state, and held the defendant for trial. It was proved as a fact that R. L. Upchurch was the nearest justice to the office of Commissioner Wentworth, qualified by law to conduct the examination, and nearer than Commissioner Belden.

The circuit court overruled the plea in abatement, and the defendant, having been convicted, moved in arrest of judgment on the ground, among others, that the court erred in overruling his said plea; and the circuit court certified the following questions for the determination of this court, namely: (1) Should the plea in abatement have been sustained? (2) Should judgment in the action be arrested?

For the plaintiff there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and the cause was argued orally by *E. O. Hand*. They contended, *inter alia*, that when application for change of venue is made, the justice before whom the case is pending is required to judicially determine two questions: (1) Who is the nearest justice or other magistrate? (2) Is he qualified by law to conduct the examination? Both of these questions were determined by Commissioner Wentworth in the exercise of his judicial functions, and any error of judgment in such finding either as to the law or the fact is but a judicial error, which cannot affect the validity of further proceedings. *King v. Harris*, 1 W. Blackstone, 379; 3 Burr. 1333; 1 Chitty, Cr. Law, 201; *Wheeler v. State*, 42 Ga. 306; *Shaw v. Cade*, 54 Tex. 311; *Krebs v. State*, 8 Tex. App. 25, 26; *Brown v. State*, 6 id. 188; *Harrison v. State*, 3 id. 558; *Tennis v. Anderson*, 55 Iowa, 626; *Martin v. State*, 79 Wis. 173. The order declaring Belden qualified to hold such examination excludes the idea of any other qualified magistrate being located nearer. *Rindskopf v. State*, 34 Wis. 217.

For the defendant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas*.

PINNEY, J. By the statute (sec. 4654, R. S.) it is provided that " no information shall be filed against any person for any offense until such person shall have had a preliminary examination, as provided by law, before a justice of the peace or other examining magistrate or officer," unless the accused waives such right; but the objection for such failure or omission can be taken advantage of only by plea in abatement, as in this case, before pleading to the merits. An information lies only after a legal examination, unless it has been waived. *Martin v. State*, 79 Wis. 165, 171. An examination regularly and properly conducted under the statute serves in some sort for the inquisition or finding of a grand jury. The statute regulating such examinations secures certain rights to the accused, among which is the right, under sec. 4809, to have his case removed, upon filing a proper affidavit of prejudice of the magistrate before whom it is pending, " to the nearest justice or magistrate qualified by law to conduct the examination, who shall proceed with the examination," etc. This is an important and substantial right, of which the accused cannot be deprived except by his own act; and, as examining magistrates derive their jurisdiction and authority to proceed in such cases entirely from the statute, it is plain that an examination such as is required in order to justify the filing of an information cannot take place in any case where the right of removal has been improperly denied.

The filing of the affidavit defeated the jurisdiction of Commissioner Wentworth, leaving him only to determine by his order what justice or magistrate was in fact the nearest. Jurisdiction of the case could only be acquired by any other justice or magistrate in the manner specified

The State vs. Sorenson.

in the statute. Had he ordered the case removed "to the nearest justice or other magistrate," designating him, as the case might be, we think it well settled that no issue could be made as to whether there was not in fact some justice or other magistrate nearer than the one thus designated. *Martin v. State*, 79 Wis. 165, 173; *Tennis v. Anderson*, 55 Iowa, 625; *Bremner v. Hallowell*, 59 Iowa, 433. But the order of Commissioner Wentworth did not meet the legal exigency of the case. He sent the case "to E. B. Belden, he being the nearest *court commissioner*." This he had no right to do. The law did not authorize it, unless he was the "nearest justice or other magistrate;" and his order is by no means a determination to that effect, but it conveys, by strong implication, quite the contrary conclusion,— that Belden was not the nearest justice or examining magistrate, but only the nearest of a certain class of magistrates having jurisdiction in such cases. The commissioner seems to have proceeded on the erroneous assumption that the case, having been commenced before a court commissioner, had already become a criminal action pending in the circuit court, and that therefore no examining magistrate or officer not having the powers of a judge at chambers could take jurisdiction of it, and hence it could not be transmitted to Mr. Upchurch, a justice of the peace nearer than Commissioner Belden. Proceedings for the arrest and examination of offenders and commitment for trial, under ch. 195, R. S., are not, technically or properly speaking, proceedings in any court. They are proceedings before certain officers, known to the law as magistrates, for the purpose of carrying out the provisions of this chapter; and these are "the judges of the several courts of record, in vacation as well as in term time, court commissioners, and all justices of the peace," who are authorized to issue process to carry it into execution. R. S. sec. 4775. When a case under the statute is to be removed on the

The State vs. Sorenson.

ground of prejudice of the magistrate before whom it is pending, it is his duty to send the case to such magistrate of either of the classes named in sec. 4775 as shall be nearest, qualified by law to conduct the examination. Error of *fact* in determining which is nearest will not defeat the jurisdiction of the magistrate to whom it is sent; but where the error, as here, was one of *law*, going to the jurisdiction of the magistrate, it is fatal to the proceeding. The distinction upon which the case turns is, as stated by PAINE, J., in *Wanzer v. Howland*, 10 Wis. 14, "between the finding of such facts and the decision of a court that, as a matter of *law*, it has jurisdiction where it has none; because in the one case it has authority to try the facts, in the other it has no authority at all, though it decides that it has." Had Commissioner Wentworth stated in the record that Commissioner Belden was "the nearest justice or magistrate," instead of the nearest *court commissioner* qualified by law to conduct the examination, his finding in that respect could not be traversed or questioned in the action; but, in the absence of such finding, the question whether Upchurch or Belden was the nearest justice or magistrate was open to proof.

For these reasons the defendant did not have an examination such as the law secured to him before the information was filed, and no judgment could lawfully be given on the information, except to abate or quash it.

*By the Court.*— The questions submitted are both answered in the affirmative.