LESTER, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 2 — October 22, 1895.*

*Criminal law and practice: Plea in abatement: Overruling on record without issue: Immaterial error: Change of venue without motion and in absence of accused.*

1. A plea in abatement should properly be answered or demurred to, and the issue tried; but where the only matter pleaded in abatement was that defendant had not had a preliminary examination, and the proof of such plea consisted of his affidavit and the record on file, and, without an answer or demurrer being interposed, the court determined from the record that the plea was not in accordance with the facts, and overruled it, and such determination is sustained by the record, the irregularity could not have prejudiced the accused and will therefore be disregarded.

2. In a prosecution for a felony a change of venue ordered in the absence of both the accused and his counsel and without any motion therefor, although based on an affidavit which, if properly presented on proper motion, would have authorized the change, is *held* an infringement of the rights of the accused, under sec. 7, art. I, Const., to be present and be heard by himself and counsel, and to be tried in the county or district where the offense is alleged to have been committed.

ERROR to review a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

The information in this case was filed at the May term, 1894, of the circuit court for Crawford county, charging the plaintiff in error with the crime of rape. At that time the accused was in confinement in the county jail of said county, and in his absence and without his knowledge or consent or the consent of his attorney, as is alleged, there was presented to the circuit court an affidavit for a change of venue on the ground of prejudice of the circuit judge. The cause was thereupon sent to Dane county, and the papers were properly transmitted. At the September term of the circuit court for the latter county the accused filed a plea in abatement, duly proved by affidavit, setting forth that he had not had a preliminary examination or waived such examination, and that he was not a fugitive from justice. No issue was formed on such plea, and it was overruled by the court on the record. The accused thereupon filed a second plea in abatement, duly proved by affidavit, setting forth, among other things, the facts heretofore stated in regard to the change of venue. No issue was taken on such plea, but the prosecuting attorney admitted in open court that the accused was in jail when the affidavit for a change of venue was presented to the circuit court for Crawford county; that he was neither present himself nor represented in court by attorney. The court thereupon overruled such second plea in abatement, and a plea of not guilty was thereupon entered, which was followed by a trial and conviction of accused of the crime charged. A motion was thereupon made to set aside the verdict and conviction and for a new trial, for various reasons assigned, which was overruled. Thereupon a motion was made in arrest of judgment upon the ground that the trial was improperly had in Dane county, which motion was overruled, and thereupon the accused was sentenced to state prison for ten years.

*John D. Wilson*, attorney, and *O. B. Thomas*, of counsel, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *John L. Erdall*, Assistant Attorney General, and oral argument by the *Attorney General.*

Marshall, J.   The prosecuting attorney should have taken issue by answer or demurrer to the first plea in abatement, and such issue should then have been tried according to law; but where the only matter pleaded in abatement is that the accused has not had a preliminary examination, and the proof of such plea consists of the affidavit of the accused and the record in court, though, as held in *Martin v. State,* 79 Wis. 165, the more orderly and strictly regular method is for the prosecuting attorney to either demur to the plea if he thinks it insufficient, or, if sufficient, to answer or reply denying the truth if the facts will warrant such denial, and then to have the issue thus formed tried according to law, yet if the court, without an answer or demurrer being interposed, determines from the record on file that the plea is not in accordance with the facts, and overrules it, and such determination is sustained by such record, as in this case, the irregularity is one that cannot in any way prejudice the accused, and therefore no advantage can be taken of it. *Baker v. State,* 80 Wis. 416.

The second plea in abatement raised the question of whether, when a person is charged with a felony, proceedings for a change of venue can properly be had in his absence and in the absence of his attorney, and an order be entered making such change without any motion therefor, and merely because in some way an affidavit is brought to the attention of the presiding judge, which, if properly presented on proper motion, would authorize such change.

Sec. 7, art. I, of the constitution provides that "in all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses

face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial . . . in the county or district wherein the offense shall have been committed; which county or district shall have been previously ascertained by law." The question of whether, under this constitutional provision, the accused must be present during proceedings for a change of venue the courts have held both ways (Bish. Crim. Proc. § 269; *State v. Elkins*, 63 Mo. 159; *Ex parte Bryan*, 44 Ala. 402); but we venture the assertion that, in all instances where courts have held that such proceedings may be had in the absence of the accused, he was represented by counsel, and that in no case has it been held that such proceedings may be had while the accused is neither present himself nor by counsel, and we hold that the proceedings in this case, in regard to the change of venue, in the absence of the accused and of counsel representing him as well, and the making of the change without any motion therefor based on affidavit properly presented, constitute a palpable infringement of the constitutional rights of the accused to be present and be heard by himself and counsel, and to be tried in the county or district where the offense is alleged to have been committed. While the constitutional right of the accused, in a criminal prosecution, to be present, is one that may be waived as to some steps not necessary here to be pointed out, proceedings for a change of venue, when the accused is neither present in court nor represented by counsel, are a nullity, unless his constitutional privilege in that regard is clearly and expressly waived; and, unless an affidavit for a change of venue is not only presented to the court, but a motion for such change based on such affidavit is in fact properly made, the constitutional right to a trial in the county where the offense is alleged to have been committed is not waived.

The second plea in abatement should have been sustained and the case remanded to Crawford county for trial. This court having reached that conclusion, it is unnecessary to consider the other errors assigned in the record.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial in the proper county. The warden of the state prison will surrender the plaintiff in error to the sheriff of Crawford county, who will hold him in custody until he shall be discharged or his custody changed by due course of law. The circuit court for Dane county is directed to remand the cause to Crawford county for trial.