GUENTHER, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 14—November 27, 1908.*

*Criminal law and practice: Indictment and information: Plea in abatement: Demurrer: Appeal and error: Prejudicial error: Instructions to jury: Embezzlement: Settlement of claims: Defenses.*

1. In a criminal prosecution a demurrer to a plea in abatement—that defendant had not had a preliminary examination as provided by law, had never waived his right to such examination, and was not a fugitive from justice—admits the truth of the facts alleged and precludes the defendant from offering any proof thereon.

2. In such case, while sustaining the demurrer may be error, it will not require a reversal if no prejudice is caused thereby.

3. In a criminal prosecution for embezzlement the evidence, stated in the opinion, is *held* sufficient to warrant a conviction.

4. Where an employee made sales on credit, instructions as to the ownership of the debts thereby created and the circumstances under which the employee would have been guilty of embezzlement for misappropriation of the moneys when collected, even

if erroneous, are not prejudicial, when the proceeds of such sales or credit accounts are not included in the amount found by the jury to have been embezzled by the employee.

5. Where a crime is committed by the complete embezzlement of moneys, the guilty person is none the less liable to the owner for the moneys so embezzled, and payment thereof or settlement therefor by a note does not expunge or contradict the guilt of the already completed embezzlement.

6. In such case instructions relating to the significance of the acts of the employer in retaining a promissory note to cover the shortage are immaterial to the result of a criminal prosecution.

7. In a criminal prosecution for embezzlement, evidence of a statement to the defendant, an employee, that his employer "doesn't want his men to be living in poverty, so if you need a little money,—at first you may need some of the money used for sales and pay it back when you are able," is *held*, at the most, to authorize trifling application of moneys for current living expenses anticipatory of the $40 monthly salary to be allowed defendant, and not to authorize expenditures of about $600 in the repair of defendant's residence.

ERROR to review a judgment of the circuit court for Juneau county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Writ of error to review conviction of the plaintiff in error upon information charging that on or about February 1, 1907, the plaintiff in error embezzled the sum of $850 from H. E. McEachron Company, a corporation, of which he was an employee. When the case was called plaintiff in error interposed a duly verified plea in abatement alleging that he had not had a preliminary examination as provided by law before a justice of the peace or other examining magistrate or officer and that he had never waived his right to such examination, and that he was not a fugitive from justice. To this, at the suggestion of the court, the district attorney filed a demurrer, whereupon the court ruled:

"It is the opinion of the court, from all papers and files in this case, that the plea in abatement is not well taken, and that the demurrer on the part of the state is well taken and should be sustained, and that the defendant should stand for trial upon the merits of the case as alleged in the information."

This ruling was excepted to. Thereupon the case proceeded to trial, resulting in verdict of guilty of embezzling of money to the amount of $273.50 as charged in the information; whereupon, after motion for a new trial, judgment and sentence was pronounced.

For the plaintiff in error the cause was submitted on the brief of *Veeder & Veeder.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

DODGE, J. 1. This record presents at the threshold very serious embarrassment because of the incongruous procedure upon defendant's plea in abatement, which had attempted to assert the fact that he had been denied the very valuable right and protection of a preliminary examination, and thus was about to be subjected to trial upon an information in the mere discretion of the district attorney—a right and protection which is assured him by sec. 4654, Stats. (1898). *State v. Sorensen,* 84 Wis. 27, 30, 53 N. W. 1124. It is quite apparent that the court, instead of considering whether the plea itself on its face was good or bad, decided upon the record that it was not supported in fact, this record consisting in the return of the justice showing an examination before him; but, although the district attorney offered to make proof of those facts, the court directed him to interpose a demurrer, which he did, whereupon the plea was dismissed. Thereby, of course, the facts alleged in the plea were admitted and defendant was precluded from offering any proof thereof. If it were true that the apparent return of a justice showing an examination were a complete forgery, or that the person making such return were a wholly unofficial person having no jurisdiction, defendant would have been by such ruling precluded from such proof. A consideration of facts *dehors* the plea was therefore improper and erroneous,

but this error need not result in reversal if no prejudice was caused thereby. It is obvious that the court assumed that the plea attempted to raise the insufficiency of the examination in fact held and reported upon the record by the justice, and plaintiff in error, with this obvious fact before him, made no suggestion of any desire on his part to raise other questions of fact upon that examination. Hence we think it plain that the real question which he raised was considered by the court and resolved against him. It has been held that such a condition, if the decision is right, will not require a reversal, however irregular the proceedings of the trial court may have been. *Martin v. State,* 79 Wis. 165, 170, 48 N. W. 119; *Baker v. State,* 80 Wis. 416, 418, 50 N. W. 518; *Lester v. State,* 91 Wis. 249, 251, 64 N. W. 850. We are persuaded that such situation exists here, for the record of the justice of the peace which was before the circuit court and within its judicial knowledge disclosed a sufficient preliminary examination as to the facts and circumstances which constituted the crime for which defendant was tried and convicted in this case and a proper binding over for trial. Hence, however much we may deplore the irregular and illogical method in which that question was disposed of by the trial court, we think it obvious that the same result would have been attained had regular proceedings been followed, and that plaintiff in error suffered no prejudice.

2. There was in our opinion abundant evidence from which the jury might have found that plaintiff in error embezzled moneys of the McEachron Company intrusted to him with no authority to use the same except in paying for property purchased for it or in defraying the expenses of the business conducted for it by the plaintiff in error, to the amount found by the jury. We think it clear that there was evidence from which this result might have been reached without considering the misappropriation of the proceeds of any goods sold by defendant on credit, as to which there

is a claim made that he was liable as a debtor and not a custodian by reason of his having assumed personal responsibility therefor. The prosecuting attorney consented that all such transactions might be eliminated from consideration in ascertaining the fact and amount of defendant's embezzlement, and they were so eliminated.

3. Error is assigned upon certain instructions with reference to the ownership of the debts last above mentioned for goods sold on credit and the circumstances under which defendant would be guilty of embezzlement for misappropriation of the moneys when collected; but, since the proceeds of these sales or credit accounts were none of them included in the amount found by the jury to have been embezzled, the instructions, even if erroneous, could have had no prejudicial effect. Another portion of the charge assigned as error related to the significance of the acts of the McEachron Company in retaining and passing to the district attorney a certain promissory note which defendant had delivered to its agent when his shortage was ascertained, in attempted settlement of his indebtedness, and which the accountant had received but not accepted in order to tender it to the company. The only significance of the instructions was upon the question whether the company had by retention accepted the note so as to effect a settlement of defendant's liability to it. This question was wholly immaterial to the question of defendant's guilt in this case. Although he had completely embezzled the moneys of the McEachron Company and thereby committed a crime, he none the less was liable to the owner for the amount of the moneys so embezzled, and the payment thereof or settlement therefor by his note could in no wise expunge or contradict his guilt of the already completed embezzlement, and such instruction was therefore immaterial to the result of the criminal prosecution.

4. Errors are assigned upon certain portions of the charge

to the effect that defendant should be presumed to intend the obvious and necessary consequences of his act; that the act of consciously taking his employer's money and spending it in repair of defendant's house necessarily put it out of the owner's reach. These instructions were accompanied by others declaring the necessity of a fraudulent intent to appropriate to his own use and to defraud the owner. The complaint is that the instruction wholly ignored the mitigating effect of the owner's consent to the taking and use. This criticism would be cogent if there had been evidence of consent to any such taking or use. Defendant admitted that he did use the money to amount greater than found by the jury, namely, about $600, to repair his residence. Such taking all occurred after January 31, 1907. The only statement of any permission to use the employer's money is testified to by defendant as of the time of his employment about August 6, 1906, in the following words:

"He furthermore told me the McEachron people doesn't want his men to be living in poverty, so if you need a little money—at first you may need some of the money used for sales and pay it back when you are able."

We think it clear that this could not reasonably be understood as permission of the conceded acts of defendant. It at most authorized trifling application of moneys for current living expenses anticipatory of the $40 monthly salary to be allowed to defendant and not a diversion of large sums for substantial repairs and remodeling of his house six months later. We are persuaded that no error was committed in failing to suggest consent as a defense for these admitted misappropriations by defendant, especially in absence of any request for such suggestion.

We discover nothing to justify discussion in the somewhat vague criticisms upon some other portion of the charge or upon certain remarks of the court in course of the trial, certainly nothing of prejudicial error to necessitate reversal.

*By the Court.*—Judgment affirmed