· THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DENNIS
CORNELIUS, Appellant.

*Rape — evidence that a person who refused to testify at the trial was a material wit-
ness before the grand jury, considered in connection with a statement by the dis-
trict attorney as to her connection with the crime — testimony concerning the condi-
tion of the complainant four years after the alleged offense, when incompetent.*

Upon the trial of an indictment for rape, the district attorney stated that the
crime was committed in the room of, and in the presence of, one Sarah Ander-
son, and the stenographer who attended the grand jury by whom the indict-
ment was found, testified on behalf of the People that Sarah Anderson was a
material witness before the grand jury. Evidence was also given to the effect
that the defendant was frequently seen going into the house where the said
Sarah Anderson had her rooms; that at the term of court next preceding the
one at which defendant was tried, Sarah Anderson was taken away by the
defendant who asked the witness testifying to these facts to marry her and go
to Pennsylvania, saying that she knew a lot about the case but would not tell,
and further, that Sarah Anderson and the defendant were seen driving together
after the subpœna had been served upon her to attend the trial, and that she
was seen going into the office of the defendant's counsel. Sarah Anderson,
when placed upon the stand, declined to give evidence in the case upon the
ground of privilege. ·

*Held,* that the evidence given by the stenographer was incompetent, and that
while it was, perhaps, harmless when given, it subsequently became extremely
damaging to the defendant, as the jury would naturally infer that the material
evidence which Sarah Anderson gave before the grand jury and refused to
repeat at the trial, was to the effect stated by the district attorney.

In such a case the testimony of a doctor who, just before, or during the progress
of, the trial, and some four years after the alleged commission of the offense,
made an examination of the complainant, who admitted that, in the meantime,
she had had intercourse with persons other than the defendant, should not be
received as corroborative evidence tending to convict the defendant of the
crime charged; nor is the error committed in the reception of such testimony
cured by the fact that the court, at the close of the evidence, limits the effect
to be given to it as tending to corroborate the complainant's testimony as to her
condition, she having given evidence of facts, other than the acts of the defend-
ant, from which that condition might have resulted.

· APPEAL by the defendant, Dennis Cornelius, from a judgment of
the County Court of Tompkins county, rendered on the 1st day
of February, 1898, upon the verdict of a jury convicting him of the
crime of rape in the second degree, and also from an order, bearing
date the 1st day of February, 1898, and entered in the office of the

clerk of the county of Tompkins, denying the defendant's motion for a new trial and arrest of judgment.

. *Monroe M. Sweetland,* for the appellant.

*Charles H. Blood, District Attorney,* for the respondent.

HERRICK, J. :

The character of the offense charged here is of such enormity, and its details so revolting, that jurors in their indignation at the character of the offense charged, and their desire to see one guilty of such a crime adequately punished, are apt to lose sight of the only real issue in the case, that is, whether the person charged is in fact guilty of the crime ; and it becomes necessary when such cases are on trial to adhere strictly to those rules of evidence which are intended to exclude extraneous matter and to admit only such evidence as legitimately bears upon the true issue to be tried.

This case belongs to that class of cases which it is very difficult to defend, and the defendant should not have added to his difficulty in establishing his innocence, the reception of matter calculated to prejudice him in the minds of jurors, unless such evidence is strictly legitimate.

Without rehearsing the details of the crime charged, or the evidence given in support of it, I will content myself with the consideration of but a few of the numerous exceptions brought before us for our consideration.

It was stated by the district attorney that the crime was committed in the room of, and in the presence of one Sarah Anderson, and evidence was given that the defendant was frequently seen going into the house where the said Sarah Anderson had her rooms. Subsequently, the stenographer who attended the grand jury, when the indictment was found against the defendant, was sworn on behalf of the People, and testified that Sarah Anderson was a material witness for the People before said grand jury. This evidence at the time it was given was incompetent and immaterial, and it was made particularly objectionable by what followed.

After this evidence, the People proceeded to prove that at the term of court next preceding the one at which the defendant was

tried, the defendant took Sarah Anderson away with him the Saturday before the case was moved for trial, and asked witness to marry her and go to Pennsylvania. That the defendant said she knew a lot about the case, but wouldn't tell.

By another witness, that the defendant and Sarah Anderson were driving together after the subpœna had been served upon her to attend the term of the court at which the indictment was tried; and evidence was also given that Sarah Anderson was seen going into the office of the defendant's counsel.

Then Sarah Anderson herself was placed upon the stand, and she declined to give evidence in the case, upon the ground of privilege.

Starting then with the statement of the district attorney as to where, when and in whose presence the crime was committed, followed up by the testimony of the stenographer that Sarah Anderson gave material evidence before the grand jury, the trial jury is informed that the defendent said she knew a lot about the case, and is also informed that the defendant tried to induce her to leave the State, and this is capped by her refusal to testify upon the ground of privilege; from all this the inference that they would naturally draw is that the material evidence she gave before the grand jury, and that she declined to repeat upon the trial, was to the effect stated by the district attorney, as to when, in whose rooms and presence the crime charged was perpetrated; and thus the evidence of the stenographer, perhaps harmless, although incompetent when given, is made extremely damaging to the defendant.

The evidence of the doctor who made an examination of the complainant was also improperly received; such examination was made in 1898, just before or during the progress of the trial, about four years after the alleged commission of the offense, and the complainant having admitted that in the meantime she had had intercourse with other people; under such circumstances, the evidence of the doctor could not be corroborative evidence, tending to connect the defendant with the crime charged.

The error of its reception was not cured by the court, at the close of the evidence, limiting the effect to be given to it, as tending to corroborate the complainant's testimony as to her condition; she, herself, having given evidence of facts other than the alleged acts of the defendant, from which that condition might result.

Without discussing the other exceptions in the case, but for errors in the reception of the evidence herein referred to, the judgment should be reversed and a new trial granted.

All concurred.

Judgment of conviction reversed and a new trial granted.