### CASPER SCHULTS v. THE STATE.

No. 3438.   Decided February 14, 1906.

**1.—Rape—Evidence—Irrelevant Testimony.**

Upon a prosecution for rape, testimony that defendant made a proposition to State's witness that he would tell him of a woman, not naming her, with whom witness could have sexual intercourse, provided the witness would do so, etc., was not only inadmissible but injurious to the rights of defendant.

**2.—Same—Evidence—Irrelevant Testimony—Unconnected Incident.**

Upon a trial for rape, it was error to permit the State to introduce testimony that defendant's nephew had made to prosecutrix a proposition of marriage, etc.;

and that defendant had stated in her presence and others that when his nephew married, he was going to give him the best span of mules he had; this statement having been made some time before the birth of prosecutrix's child. There was no connection shown between defendant's said statement and his nephew's proposition of marriage.

**3.—Same—Evidence—Imputing Crime to Third Party.**

Upon a trial for rape, it was error to refuse testimony on cross-examination of State's witness as to the age of her son; it being a question in the case as to whether defendant was the father of the illegitimate child, or whether the son of said State's witness was such father.

**4.—Same—Other Acts of Intercourse.**

Upon a trial for rape, the State should not have been permitted to go into an examination of prosecutrix in regard to other acts of intercourse between herself and defendant, except the one relied upon for conviction; and especially were the details of such other acts not admissible.

Appeal from the District Court of Williamson. Tried below before Hon. V. L. Brooks.

Appeal from a conviction of rape of female under 15 years of age; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Stanton Allen* and *Dan S. Chessher,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape on a girl alleged to be under the age of 15 years, and whom the facts show was his sister-in-law; his punishment being fixed at five years confinement in the penitentiary.

George Montgomery, State's witness, testified over appellant's objection that in the early part of the spring or latter part of the winter next preceding the birth of prosecutrix's baby, appellant met the witness, "and proposed to furnish him a good piece (meaning a woman with whom witness could have sexual intercourse) if witness would take it; and the defendant upon inquiry by witness as to whom the woman was, refused to divulge her name, unless witness would agree to have intercourse with her." The objections stated were that the same was not confined to the defendant and prosecuting witness; and it was immaterial and irrelevant to any issue; and because it was not anywhere shown that appellant in making the proposition had any reference to prosecuting witness; and because the testimony tended to inflame the jurors' minds and prejudice them against him. These objections are well taken. Testimony of this character, to say the least of it, was very prejudicial, and being in no way connected with the prosecutrix, it was not only inadmissible, but injurious.

While prosecutrix was testifying upon re-direct examination, she was permitted to testify that in January or February, 1904, Ruf Huskey (defendant's nephew) lived with defendant, and made to her a proposition of marriage, without having ever made love to her previously,

and without making love to her at the time of the proposal; and was permitted to testify further, that defendant had made the following statement in her presence as well as that of her father and sister, "that when Ruf Huskey married he (defendant) was going to give him (Huskey) the best span of mules he (defendant) had." This statement was made sometime before the birth of the child. This was objected to because there was no connection shown between appellant and Huskey's proposition of marriage to prosecutrix. This being overruled, motion to exclude was subsequently made, because it did not show any connection between appellant and Huskey in regard to the matter, and as calculated to prejudice the defendant. This testimony was not admissible. If the State could connect the facts with the offer of marriage by Huskey with appellant's connivance, in order to avoid the consequences of his supposed connection with the girl, if such in fact existed, it might be relevant; but before it could be introduced against him, there must be shown some applicability to the case, or that the defendant was doing this, in order to relieve himself in some way of a prosecution or the consequences of a supposed illicit intercourse.

Without going into a discussion of the testimony of Mrs. Thompson, who had testified that her son was 14 years of age, we think appellant should have been permitted to go farther, and show, if he could, that her son was 15 years old instead of 14, as she testified. It became a question in the case, as to whether or not appellant was the father of the child, and that it may have been the child of the son of Mrs. Thompson, or her brother-in-law, Hugh Thompson. On cross-examination of Mrs. Thompson, she should have been permitted to state any fact which tended to show her son was 15 years old instead of 14 in January, 1905, and she would have so answered, the bill of exceptions recites, had she been permitted to do so.

Upon another trial, the State should not be permitted to go into an examination of prosecutrix in regard to other acts of intercourse between appellant and said witness, except the one relied upon for conviction. The bill, as presented, leaves it questionable as to whether or not the State, under the circumstances, was justified in going into these matters, as appellant had partially opened up that line of evidence. But concede appellant had first introduced it, and the State had therefore the right to follow this and prove other acts of intercourse, yet the details of the other acts were not admissible. The authorities are so numerous along this line that we deem it unnecessary to mention them.

As the record is presented, we think the questions discussed have been erroneously decided against appellant, wherefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*