# KIDWELL *v.* UNITED STATES.

CRIMINAL LAW; INDICTMENTS; CONSOLIDATION; JOINDER OF COUNTS; MOTIVE; APPEAL AND ERROR; OBJECTIONS AND EXCEPTIONS; CARNAL KNOWLEDGE.

1. It is not only such offenses as could have been joined in a single indictment at common law, as may be joined in one indictment under sec. 1024, Rev. Stat. U. S. Comp. Stat. 1901, p. 720, providing that when "there are several charges * * * for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, * * * the whole may be joined in one indictment in separate counts."

2. It is doubtful whether separate and distinct felonies, involving different parties, and not arising out of the same transaction, or dependent upon the same proof, should ever be consolidated; but, in any event, it should not be permitted where the crimes charged are of such a different nature that the jury might regard one as corroborative of the other, when in fact no corroboration exists.

3. Consolidation for trial under sec. 1024, Rev. Stat., is within the discretion of the trial court, but an appellate court will correct an abuse of such discretion.

4. Where an indictment contained two counts charging the accused with carnal knowledge of different females, the offense charged in the first count being alleged to have been committed more than six months before that charged in the second count, it is error for the trial court to refuse to quash the indictment for an improper joinder of counts, or to compel the government to elect upon which count it will proceed.

5. Where in a prosecution for carnal knowledge, the prosecutrix is shown to be pregnant, and testifies that the accused had had carnal knowledge of her only once, and that she had been guilty of improper conduct with no one else, it is error for the trial court to refuse to permit the defendant to ask her on cross-examination if she had

not been acting improperly with boys or men other than the accused. The accused in such a case has the right to show the conduct of the prosecutrix with other men, where pregnancy exists.

6. In a prosecution for carnal knowledge, the inducement to perjury and revenge is so great that it is of the highest importance that the motive and character of the prosecutrix should be rigidly investigated. To that end wide latitude should be permitted in the admission of testimony throwing light upon these points.

7. While a conviction of the offense of having had carnal knowledge of a female under sixteen years of age may be sustained upon the testimony of the prosecutrix alone, such is the case only when the circumstances surrounding the parties at the time were such as to point to the probable guilt of the accused, or at least corroborate indirectly the testimony of the prosecutrix.

8. A judgment of conviction in a prosecution for having had carnal knowledge of a female under sixteen years of age was *reversed,* on the ground of the insufficiency of the evidence to support the verdict, although no objection was interposed by the accused on that ground, where the only testimony in support of the charge was that of the prosecutrix, who was fifteen years of age, and who testified that she had made her home with the defendant and his wife, her uncle and aunt, since she was a small girl, and that the defendant had had sexual intercourse with her for the past three years whenever opportunity afforded; while the testimony for the defendant showed him to be of respectable standing; that the prosecutrix was an incorrigible character with a bad reputation for truth and veracity in the community where she resided and was known.

9. In a carnal knowledge prosecution, acts of intercourse other than the one charged in the indictment are not admissible, unless they are made pertinent by some other issue raised by the defense, or unless they tend to throw light upon the offense charged.

10. In a prosecution for carnal knowledge of a female under sixteen years of age, where the sole evidence of the prosecution is the testimony of the prosecutrix that the accused had had sexual intercourse with her for three years, during all of which time she was under sixteen years of age, her statement of acts committed after the age of consent are inadmissible, especially where she does not testify to the commission of the specific act charged in the indictment.

No. 2369. Submitted April 2, 1912. Decided April 22, 1912.

HEARING on an appeal by the accused from a judgment of conviction in the Supreme Court of the District of Columbia,

holding a criminal term, in a prosecution charging the accused with having had carnal knowledge of two females under sixteen years of age.                                        *Reversed.*

The facts are stated in the opinion.

*Mr. Matthew E. O'Brien* for the appellant.

*Mr. Clarence R. Wilson,* United States District Attorney, and *Mr. Samuel McC. Hawken,* Assistant, for the appellee.

Mr. Justice Van Orsdel delivered the opinion of the Court:

Appellant, Morris Kidwell, defendant below, was convicted in the supreme court of the District of Columbia upon an indictment in two counts, charging him with carnal knowledge. The first count charges that he "did carnally know and abuse a certain Gertrude Steele, she, the said Gertrude Steele, being then and there a female child under the age of sixteen years, to wit, of the age of fifteen years." The date fixed in this count when the offense is alleged to have been committed was the 18th day of December, 1908.   In the second count, it is charged that defendant "on the 15th day of July, in the year of our Lord one thousand, nine hundred and nine, * * *, did carnally know and abuse a certain Kate Lightfoot, she, the said Kate Lightfoot, being then and there a female child under the age of sixteen years, to wit, of the age of fourteen years."

Defendant moved the court to quash the indictment on the ground that it charged "two separate and distinct felonies, committed upon different persons at different times, and in no way connected." The ruling of the court denying the motion is assigned as error. The counts were joined in the same indictment under sec. 1024, U. S. Rev. Stat., U. S. Comp. Stat. 1901, p. 720, which is as follows: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or

offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

It is contended by counsel for defendant that this statute does not authorize the joining together of two felonies such as are charged in the indictment,—felonies committed against different persons at different times, not connected with each other, depending upon different evidence, and not arising out of the same transaction. Many State cases are cited in support of this contention. But the statute here is much broader than any of the State statutes to which our attention has been directed. Hence, the cases cited have little bearing upon the question before us. *McElroy* v. *United States,* 164 U. S. 76, 41 L. ed. 355, 17 Sup. Ct. Rep. 31, is the chief Federal case upon which reliance is placed in sustaining the objection to consolidation. We think it is not controlling in the present case. The question there involved was "whether counts against five defendants can be coupled with a count against part of them, or offenses charged to have been committed by all at one time can be joined with another and distinct offense committed by part of them at a different time. It was held that the statute did not authorize such a consolidation. There are three separate conditions under which consolidation of several counts in the same indictment may be made under this statute,—first, when several charges are made against the same person for the same act or transaction; second, when several charges are made against the same person for two or more acts or transactions connected together; and third, when several charges are made against the same person for two or more acts or transactions of the same class of crime. It is clear that if this consolidation can be sustained, it must be under the last condition stated, in that the offenses are of the same class of crime.

It is insisted by counsel for defendant that only such offenses can be joined under the statute as could have been joined in a single indictment at common law. We are not impressed with this contention. In the case of *Dolan* v. *United States,* 69 C.

C. A. 274, 133 Fed. 440, Judge Amidon, considering this question, said: "It is contended, however, by counsel for the defendants, that all these early provisions of sec. 1024 are limited and qualified by the clause 'which may be properly joined,' and that we must look to the common law to ascertain whether the joinder is proper or not. We do not accept this construction of the statute. Sec. 1024 was intended to abrogate the technical rules of the common law on the subject with which it deals. The clause 'which may be properly joined' simply vests in the trial court a sound discretion in deciding whether a fair and impartial trial will be prevented by a joinder, notwithstanding the same would be permitted by one or more of the clauses mentioned in the first part of the section. There are often circumstances which would render a uniting of several offenses unjust to a defendant, and, as the old cases put it, 'confound him in the making of his defense.' Whenever such a situation arises, the trial court will protect the defendant's right to a fair trial."

We are in accord with this holding, to the effect that while the crimes here charged in the separate counts are of the same class, it still remained for the court to determine whether the charges were of such a nature as, by consolidation, to confound or embarrass defendant in making his defense. The offense charged in the first count is alleged to have been committed more than six months before that charged in the second. It is doubtful whether separate and distinct felonies, involving different parties, not arising out of the same transaction or dependent upon the same proof, should ever be consolidated. But it should not be permitted where the crimes charged are of such a nature that the jury might regard one as corroborative of the other, when, in fact, no corroboration exists. While consolidation for trial under this statute is within the discretion of the trial court, where there is an abuse of that discretion in a criminal case an appellate court will not hesitate to correct it.

It is difficult to conceive of a condition more embarrassing or prejudicial to the defendant than the one here presented. In a felony of this enormity, where a conviction will be sustained upon the unassailed testimony of a single witness, and that the

injured party, and where the difficulty of making a defense is unusually great, it is the duty of the court to carefully safeguard the defendant at every stage of the proceeding, and secure to him a trial legal in all respects. *Gazley* v. *State,* 17 Tex. App. 267; *People* v. *Cornelius,* 36 App. Div. 565, 55 N. Y. Supp. 723. We are of opinion that for the failure of the court to quash the indictment, or to compel the government to elect upon which count of the indictment it would proceed, a new trial should be granted.

But the erroneous consolidation of the counts is not the only ground of reversal. The prosecutrix Lightfoot testified that defendant had carnal knowledge of her once, and once only; that she had been guilty of similar conduct with no one else, and that pregnancy had resulted from this one occurrence. This testimony, weighed in the light of human experience, demanded the closest scrutiny. Counsel for defendant asked her on cross-examination if she had not been going with boys or men other than defendant improperly. This was objected to, and the objection sustained. While it is true that evidence as to the general reputation of the prosecutrix for chastity, where she is under the age of consent, is inadmissible, this was a proper preliminary inquiry as to specific acts of intercourse with men or boys other than defendant at or about the time defendant was charged with the commission of the offense, or to an inquiry disclosing that the prosecutrix, at or about that time, was so associating with other men or boys in an improper manner, as to justify the jury in inferring that her pregnancy was due to intercourse with another than defendant. Such evidence would have been competent as tending not only to throw light upon the girl's present condition and the probable cause thereof, but as tending to rebut her testimony, the truth of which, in the nature of things, is most improbable.

While it is true that it is immaterial whether or not the prosecutrix had sexual intercourse with men other than defendant, if defendant was also guilty, yet, if evidence had been admitted tending to prove this fact in this particular case, it would have amounted to more than an attempt to impeach her testimony

upon a collateral point.   It would have extended to facts which
materially corroborated prosecutrix's testimony.   It was not
denied that she was pregnant.   Hence, there could be no doubt
but that she had been known by someone.   She had testified that
she was guilty of such conduct with no one but defendant, and
this testimony defendant was not permitted to assail.   This
pointed the finger of guilt at defendant almost beyond question.
The only defense therefore left open to him was proof of the
negative fact that he had never carnally known her, which her
undisputed statements that she was pregnant and had known
no other man rendered almost valueless.   Had testimony tend-
ing to establish the foregoing facts been admitted, a very differ-
ent issue would have been presented.   If the jury had believed
that prosecutrix had had improper relations with others, any
one of whom might have been the father of her child, the fact
of pregnancy would have lost its corroborative force.   The de-
fendant would have been in the position of one charged with this
crime where pregnancy had not resulted, and where the oral
testimony of the witnesses is not strengthened by proof of this
fact.   The burden would have remained upon the government
of showing defendant guilty beyond a reasonable doubt, rather
than upon him of establishing his innocence.

The right of the defendant to show the conduct of the prose-
cutrix with other men, where pregnancy exists, in cases of this
sort is well recognized.   *Nugent* v. *State*, 18 Ala. 521.   In *Peo-
ple* v. *Flaherty*, 79 Hun, 48, 29 N. Y. Supp. 641, the court
said: "When it was proven that Miss Sweeney gave birth to a
child in March, 1893, that fact, in view of her evidence that
no person other than the defendant had had sexual intercourse
with her, was corroboration of the charge against him.   It
was evidently proved for such purpose, as it was quite satis-
factory evidence to the effect that such intercourse had been
had with her by some person.   The defendant therefore should
have been permitted to prove that others, in the month of June
and thereabouts, had sexual intercourse with her, as bearing,
so far as it might, against the charge of such intercourse, which
that corroborative evidence tended to impute to him.   The pur-

pose of the evidence so offered by the defendant was legitimate. It cannot now be seen what may have been the effect of the evidence, if it had been received, or that the defendant may not have been prejudiced by its exclusion. The defendant's exception was well taken, and for that reason the judgment and conviction should be reversed, and a new trial granted." In cases of this sort the inducements to perjury and revenge are so great that it is of the highest importance that the motive and character of the prosecutrix should be rigidly investigated. To that end wide latitude should be permitted in the admission of testimony throwing light upon these important points.

The prosecutrix Steele testified that she had made her home with defendant and his wife, her uncle and aunt, since she was a small girl, and that defendant had had sexual intercourse with her for the last three years, whenever an opportunity was afforded. We are aware that a conviction for this offense will be sustained upon the testimony of the injured party alone. But where the courts have so held, the circumstances surrounding the parties at the time were such as to point to the probable guilt of the accused, or, at least, corroborate indirectly the testimony of the prosecutrix. In this case defendant was convicted under this count upon the bald statement of the prosecutrix that the acts had extended continuously over a period of three years in the house of defendant, where his wife and family resided. In view of the respectable standing of defendant, as shown by the evidence, and the incorrigible character of the prosecutrix and her bad reputation for truth and veracity in the community where she resided and was known, we do not think the evidence in support of this charge rises to the required standard. Although no objection was interposed upon the ground of the insufficiency of the evidence to support a verdict of guilty on this count, in a felony of this magnitude, when the evidence is totally inadequate to satisfy the demands of justice, the court should of its own motion, correct the error.

At the date of the trial the prosecutrix Steele was more than a year past sixteen, the age of consent. Defendant duly objected to the admission of testimony referring to acts committed

after she had reached that age.   It is settled law in cases of this kind that acts of intercourse other than the one charged in the indictment are not admissible, unless they are made pertinent by some other issue raised by the defense, or unless they tend to throw light upon the offense charged.   *Henard v. State,* 46 Tex. Crim. Rep. 90, 79 S. W. 810; *People* v. *Brown,* 142 Mich. 622, 106 N. W. 149; *Schults* v. *State,* 49 Tex. Crim. Rep. 351, 91 S. W. 786; *People* v. *Robertson,* 88 App. Div. 198, 84 N. Y. Supp. 401; *People* v. *Etter,* 81 Mich. 570, 45 N. W. 1109; *People* v. *Freeman,* 25 App. Div. 583, 50 N. Y. Supp. 984.   The reason for this holding is apparent.   Evidence of acts committed after the prosecutrix reached the age of consent has no tendency to prove unlawful intimacy prior to that time.

In the present case evidence of other acts than the one charged could throw no possible light upon the act charged, for the reason that the sole evidence upon which the government rested its case as to this count was the single, uncorroborated, sweeping statement of the prosecutrix herself.   It does not appear that she even testified to the commission of the specific act charged in the indictment.   To permit her to multiply offenses against the defendant, or to embrace a series of acts extending over a period of three years in the single statement, without any corroboration whatever, or without corroborative effect, should not have been permitted.   In another trial there should be specific proof of the act charged, in order that a direct issue of fact may be tendered for defendant to meet.   Evidence of other acts should be excluded, unless issues of fact are raised, not present in this record, making them proper for the purpose of directly shedding light upon the act charged.   They should then be admitted upon specific proof of each offense, and not upon a general statement.

The judgment is reversed, and the cause is remanded for a new trial.                              *Reversed and remanded.*