GUTENKUNST, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 11—April 30, 1935.*

For the plaintiff in error there was a brief by *Shannon & Cronin* of Oconomowoc and *Jacobson & Malone* of Waukesha, and oral argument by *D. B. Malone* and *T. T. Cronin.*

For the defendant in error there was a brief by *Scott Lowry,* district attorney of Waukesha county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

The following opinion was filed March 5, 1935:

FAIRCHILD, J. The information contained five counts, and charged the plaintiff in error, hereafter called the defendant, with having, (1) on or about the 15th day of July, 1933, encouraged, caused, and contributed to the delinquency of one "A," a minor; (2) between the 1st day of June, 1932, and the 30th day of June, 1932, committed sodomy with one "B,"

a minor; (3) on or about the 21st day of October, 1931, committed sodomy with one "C," a minor; (4) on or about the 15th day of July, 1933, exhibited to "A," a minor, pictures and figures tending to corrupt the morals of youth, and (5) on or about the 16th day of July, 1933, exhibited to "B," a minor, pictures tending to corrupt the morals of youth.

The jury returned its verdict finding the defendant guilty of the crimes charged in counts 1 and 2, and not guilty of the crimes charged in counts 3, 4, and 5.

The defendant contends that the court erred: (1) In not requiring the district attorney, at the close of the testimony, to elect whether the case should be submitted to the jury on counts 1, 4, and 5 (the counts charging misdemeanors), or on count 2 (a count charging a felony), or on count 3 (a count charging a felony) ; (2) in requiring the defendant to go to trial on count 2 of the information and in sentencing the defendant on that count; (3) in permitting the district attorney to make an improper argument to the jury and in refusing to grant a new trial for that reason; (4) in permitting the district attorney to make a closing argument over the objection of the defendant and in refusing to grant a new trial on that ground; and (5) in refusing to grant a new trial because there is no credible evidence to support the verdict.

Defendant's first assignment of error raises the questions : (1) Whether it was proper to join in one information counts charging separate and distinct misdemeanors with counts charging separate and distinct felonies; (2) whether it was proper to join in one information counts charging separate and distinct felonies.

At the beginning of the trial defendant moved that the state be required to elect upon which counts of the information he should be tried. At the conclusion of the state's case the defendant moved the court to require the state to elect upon which counts the trial should proceed. Again at the conclusion of the taking of testimony the defendant sought to compel the state to elect which counts should be submitted

to the jury. The defendant duly preserved his right to assert errors on which he now relies. The defendant's motions were denied and all five counts submitted to the jury.

Defendant's position here is that, while it was not improper to charge separate and distinct misdemeanors in a single information, *State v. Gummer*, 22 Wis. *441; *Boldt v. State*, 72 Wis. 7, 38 N. W. 177; 1 Wharton, Crim. Proc. (10th ed.) § 335, it was improper to charge the defendant in the same information with one or more separate and distinct felonies which concededly were not committed at or about the same time or upon the same person or with the same accomplice.

The law of pleading necessarily is elastic and progressive. It has, as have many other branches of the law, advanced through confusion and conflict of precedent. But the rather steady movement has been, at least in this state, toward the method of plain declaration of claim or charge and the bringing into one action all the causes of action the complaining party may have against the other. A pleading in a criminal case performs the same office as it does in a civil case. Its purpose is to inform the defendant of the claim or claims made against him. In a criminal case, at least so far as the pleading is concerned, no reasonable grounds exist for not including in the same indictment offenses committed by the defendant, even though they differ from each other, vary in degree of punishment, and were committed at different times "and the accused tried upon the several charges at the same time, provided that the offenses be of the same general character, and provided the mode of trial is the same." 1 Wharton, Crim. Proc. (10th ed.) § 335. Cases supporting the proposition and against it may be found. Perhaps a larger number of jurisdictions may be found *contra* to the proposition.

During recent years several states, among which are California, South Dakota, and Washington, have adopted statutes permitting the charging of "two or more different offenses of the same class of crimes or offenses under separate counts"

of a single information. Cal. Deering's Gen. Laws Supp. 1925–1927, Pen. Code, § 954; S. D. Sess. Laws 1927, ch. 143; "two or more acts or transactions of the same class of crimes or offenses, which may be properly joined." Wash. Rem. Comp. Stat. Supp. 1927, § 2059. In Massachusetts the rule is similar. *Commonwealth v. Brown,* 121 Mass. 69, 82 :

"The objection that the indictment is bad because more than one offense is joined in it cannot be sustained. It is settled in this commonwealth that several offenses may be charged in the same indictment when they are of the same general nature, and when the mode of trial and the nature of the punishment are the same. *Carlton v. Commonwealth,* 5 Metc. 532; *Booth v. Commonwealth,* 5 Metc. 535; *Josslyn v. Commonwealth,* 6 Metc. 236; *Commonwealth v. Costello,* 120 Mass. 358."

The proposition that several offenses may be included in the same indictment or information is the doctrine followed by Wisconsin. The rule has been elastic, and individual cases may furnish some ground for contending that a highwayman who holds up a filling station in one neighborhood, hurries to another and perpetrates another crime, and so on, until his time or energy is exhausted, can require the state, in pursuing its efforts to maintain law and order and punish the criminal, to give him as many separate trials as he has committed offenses. The course or trend of decisions developing the law in this state has been to recognize the logical method of handling causes of action which the state has against the accused. It places upon the trial court the heavy responsibility of seeing that the charges are so limited as to be prosecuted in good faith without confusing the jury, or putting such a burden upon the defendant as to render it doubtful that he will be able properly to defend himself.

While the point raised here does not seem to have been so vigorously pressed in any other case in this court, we find in *State v. Gummer,* 22 Wis. * 441, * 442, * 443, the following:

"There was no error in the ruling of the court refusing to quash the complaint for the reason that several distinct

offenses were charged therein. In the case of misdemeanors which are only punishable by fine or imprisonment, the prosecution is permitted to join and try several distinct offenses in the same indictment. *Kane v. People,* 8 Wend. (N. Y.) 203; *State v. Bielby,* 21 Wis. *204; *Byrne v. State,* 12 Wis. *519.

"Nor can the defendant prevail on the objection that the court below should have compelled the prosecution to elect upon which count they would rely, on the trial. This is a matter resting very much in the discretion of the court, even in the case of felonies. *State v. Fee,* 19 Wis. *562. The court will only listen to the request to compel the prosecution to elect in felonies when they can see that the charges are actually distinct and may confound the prisoner, or distract the attention of the jury, but will not listen to it in a case of misdemeanor."

Our statute, sec. 355.14, reads as follows:

"The offense charged in any information shall be stated in plain, concise language, without prolixity or unnecessary repetition. Different offenses and different degrees of the same offenses may be joined in one information in all cases where the same might be joined by different counts in one indictment; and in all cases the defendant shall have the same rights as to all proceedings therein as he would have if prosecuted for the same offense upon indictment."

Mr. Bishop in his work on Criminal Procedure, § 421 (vol. 1, 2d ed.), says that, as the court might order separate indictments tried together, so the grand jury might consolidate them in the form of different counts, subject to the right of the court in each instance to interpose when justice requires, by quashing a part or by compelling the prosecuting officer to elect on which count he will ask a verdict. This permits the charging and trying together distinct offenses when no sufficient reason appears why this should not be done. § 422. The same author in § 450 says:

"There are states in which, without statutory aid, the courts permit felonies committed in distinct transactions to be joined, within limits not greatly different from those in misdemeanor. One of these states is Massachusetts, where such has been 'the long established practice;' the felonies

being 'of the same general nature, requiring the same mode of trial and having the punishment annexed to them of a like nature.' "

The rule in Massachusetts existed prior to the enactment in Wisconsin of sec. 355.14, Stats. *Carlton v. Commonwealth* (1843), 5 Metc. (46 Mass.) 532. In 1 Wharton, Crim. Proc. (10th ed.) § 335, it is said:

"And in a leading case, under several counts for conspiracy alleging several conspiracies of the same kind, on the same day, the prosecutor was allowed to give in evidence several conspiracies on different days."

And in a note cites *R. v. Broughton,* 1 Trem. P. C. 111, where the indictment charged no less than twenty distinct acts of extortion; the indictment against Mayor Hall tried in New York, October, 1872, which contained four counts for each of fifty-five different acts.

In *Martin v. State,* 79 Wis. 165, 174, 48 N. W. 119, the court said:

"It is insisted that the motion made to the court to compel the district attorney to elect which one of the counts in the information he would rely upon on the trial should have been granted, and that it was error not to grant the motion. Whether the court should have directed the district attorney to elect was a matter very much in the discretion of the trial judge; and such election cannot be demanded as a matter of right. *Newman v. State,* 14 Wis. *393, *402; *State v. Fee,* 19 Wis. *562, 565; *State v. Gummer,* 22 Wis. 441, 442, 443; *Miller v. State,* 25 Wis. 384; *State v. Leicham,* 41 Wis. 565; sec. 4650, R. S.; 1 Bish. Crim. Proc. § 421 *et seq.,* § 444 *et seq.;* Stephen, Crim. Proc. 154, and cases. These authorities clearly show that it is not error to join in the same information counts stating separate and distinct offenses, and that it is in the discretion of the trial court whether the prosecuting attorney shall be compelled to elect upon which he will proceed. In the case at bar the indications were that separate offenses had been committed in the same locality about the same time, and the circumstances pointed to the defendant as having committed both. Under these circumstances it was

proper that the district attorney should charge both offenses in the same information; and it was not an abuse of discretion on the part of the court not to require him to elect, before the evidence was presented, upon which count he would ask for a verdict."

Many cases have passed through trial courts, been appealed to this court, and convictions upheld, wherein the defendants were charged with distinct crimes in no way related as to act or time. True, the greater part have been prosecutions resulting from a defendant's act perpetrated on the same victim, such as in prosecutions for violation of the banking laws, and in cases where different degrees of the same crime have been included in separate counts. But in a number of cases such as *Boyd v. State,* 217 Wis. 149, 258 N. W. 330; *State ex rel. Kropf v. Gilbert,* 213 Wis. 196, 251 N. W. 478; *Hobbins v. State,* 214 Wis. 496, 253 N. W. 570, more than one offense was charged, and these offenses, by any test, must be declared to be separate and distinct. Then, so far as the first contention of defendant is concerned, he was lawfully and properly charged in the information.

Although the offenses in the different counts were separate and distinct, they were not so different in character as to require separate treatment. The mode of trial was the same. So the only question that remains with relation to this phase of the case is whether or not the trial court abused its discretion in refusing to compel the state to elect one of the several counts upon which to proceed. The nature of the accusation emphasizes the importance of the trial court's serious consideration of the interest of the defendant. By inclusion of additional charges there was placed before the jury evidence as to different acts. This, of course, would not have occurred had defendant been charged with, and tried upon, one single count. But this furnishes no absolute reason for the granting of a new trial. Consideration must be given and precaution taken to see that the defendant is not confounded in his

defense and that none of his substantive rights is unduly affected. The information as drawn, advised the defendant of the accusations. Evidence pertaining to each offense, so far as humanly possible, was confined to such offense; he had the benefit of the presumption of innocence. The acts were of similar class involving similar characteristics. We recognize the need of caution on the part of prosecution and court in combining against the defendant charges of distinct offenses. The importance of this practice was ably pointed out in *Kidwell v. United States,* 38 App. D. C. 566. If there were the slightest grounds for inferring that the information was prepared in any but the best of faith, based on substantial evidence of guilt of each offense charged, it might be said the court abused its discretion in not compelling an election. But we are of the opinion that it cannot be held under the facts and circumstances disclosed by this record that there was such an abuse of discretion as would warrant setting aside the ruling on this point of the court below. In cases of this nature, involving young persons, more frequently perhaps than in any other class of crimes, the necessity for extreme caution will be present, but in any case, unless something more than a mere possibility of error appears, grounds for reversal do not exist.

The informality and lack of definiteness in the second count of the information is not prejudicial to the defendant. If the act occurred, as alleged, on any day between June 1st and June 30th, the defendant may properly be found guilty thereof. The fact that a witness cannot recall the exact day of an occurrence may in some instances go to the weight of the testimony, but cannot and ought not prevent the prosecution of one committing the act. There was but one offense alleged to have been committed during the month of June. With this certainty in the record, the defendant was placed at no legal disadvantage. The trial court could pronounce judgment upon conviction according to the right of the case.

*Gundlach v. State,* 184 Wis. 65, 198 N. W. 742. The defendant is so protected by this record that he can plead the conviction in bar to another prosecution.

The criticism addressed to the closing argument by the district attorney does not seem to be well taken. There was ample evidence of defendant's association with boys about eighteen years of age, and suggesting a disposition to indulge in the practice complained of. Emphasizing that fact by calling it to the attention of the jury by words calculated to remind them that his associations were not with men would be proper argument. While in the heat of the controversy words are often used which might as well or perhaps even better be left out of the discussion, this does not in every instance mean that reversible error has occurred. We find in the record, with relation to this assignment of error, no cause for reversal. We have examined the opening and closing arguments of the district attorney, and do not find them subject to the objection made by defendant.

The evidence presented upon the trial is sufficient to satisfy a jury beyond a reasonable doubt of the defendant's guilt of the acts charged in the first and second counts on which he was found guilty. The trial judge's solemn rulings upon the matters presented on this appeal give us no occasion for setting aside the judgment.

*By the Court.*—Judgment affirmed.

NELSON, J. (*dissenting*). I do not concur in the views of the court, and feel impelled to state the reasons for my dissent.

Sec. 355.14, in part, provides:

"Different offenses and different degrees of the same offenses may be joined in one information *in all cases where the same might be joined by different counts in one indictment,* and in all cases the defendant shall have the same rights as to all proceedings therein as he would have if prosecuted for the same offense upon indictment."

Sec. 355.14, substantially as it is today, was enacted by sec. 3, ch. 137, Laws of 1871. Its meaning today is obviously the same as it was in 1871.

The question in this case, as I see it, is whether, at the time sec. 355.14 was enacted, different distinct offenses might be charged or joined by different counts in one indictment, such as, (1) sodomy, alleged to have been committed at a certain time and place with one "A," and (2) sodomy, alleged to have been committed at an entirely different time at substantially the same place, but with one "B." This precise question has not heretofore been determined by this court, although it was adverted to in *Ketchingman v. State,* 6 Wis. *426. In that case there were two counts in the indictment, each of which charged the defendant with the crime of adultery with the same person and at the same time. In the first count it was charged that the defendant, a married man, etc., committed adultery with one Caroline White, a married woman, etc. In the second count it was charged that Caroline White was a married person and not the wife of the defendant. Upon the trial, proof of another act of adultery between the same persons was permitted. This court, as it now seems to me, improperly considered that the question raised was ruled by the law relating to the joinder of offenses. It was held that the indictment was good after verdict. However, Mr. Justice COLE, speaking for the court, apparently gave approval to the following excerpt from Archibald:

"A defendant ought not to be charged with different felonies in different counts of an indictment;" and also to this from *R. v. Young,* 3 T. R. 106: "In misdemeanors, the case in Burrow shows that it is no objection to an indictment that it contains several charges. The case of felonies admits of a different consideration."

The real question involved in that case was one of evidence, *i. e.,* whether proof of other acts of adultery between the defendant and his accomplice was proper; not one of misjoinder of offenses in the indictment.

In *State v. Fee,* 19 Wis. \*562, 591, there were evidently two counts charging the defendant with an assault with intent to murder two different persons. It was there held that it was within the sound discretion of the court whether it would compel the prosecution to elect upon which count it would go to trial. Although it does not clearly appear from the opinion (no cases or briefs being in the law library), both offenses were probably committed at the same time and place. In *Miller v. State,* 25 Wis. 384, several counts in an indictment were allowed solely for the purpose of meeting the evidence as it might transpire upon the trial. The court, however, commented: "But the charges all related essentially to the same transaction, the same killing."

In *State v. Leicham,* 41 Wis. 565, 577, the court said:

"The court had power to require the district attorney to make such election. But this is a matter resting in the discretion of the court, and a refusal to compel such election cannot in all cases be assigned as error. It is only in cases where such refusal is manifestly an improper exercise of discretion, that the ruling can be reviewed in the appellate or supervisory court."

In *State v. Gummer, supra,* it was said:

"The court will only listen to the request to compel the prosecution to elect in felonies when they [it] can see that the charges are actually distinct and may confound the person, or distract the attention of the jury, but will not listen to it in a case of misdemeanor." Citing 1 Chitty, Crim. Law, 249.

In harmony with *Miller v. State, supra,* which approved of the practice of charging a crime in different ways in one indictment for the purpose of meeting the evidence as it might develop upon the trial, this court has held that a count charging rape may be joined with a count charging fornication. *Jackson v. State,* 91 Wis. 253, 64 N. W. 838; that a count charging rape upon defendant's daughter may be joined with a count charging incest. *Porath v. State,* 90 Wis. 527, 63 N. W. 1061. In *Martin v. State,* 79 Wis. 165, 48 N. W. 119,

a count charging burglary of a store building belonging to one French, was joined with a count charging burglary of a store belonging to Silber & Company. In that case, however, it appeared that the two offenses had been committed in the same locality at about the same time on January 16, 1889, and that the circumstances pointed to the defendant as having committed both crimes. Under these circumstances it was held that it was proper for the district attorney to charge both offenses in the same information, and that it was not an abuse of discretion on the part of the court not to require him to elect before the evidence was presented upon which count he would ask for a verdict. However, in that action, the second count was dismissed or withdrawn, and was not submitted to the jury. In *Scott v. State,* 211 Wis. 548, 248 N. W. 473, the defendant was charged, in count 1, as principal with having burned a dwelling house; in count 2, as accessory with having caused the burning of a dwelling house; in count 3, as accessory with having caused the burning of a blacksmith shop; in count 4, as accessory with having caused the burning of a barn; in count 5, as accessory with having caused the burning of personal property within a dwelling house with intent to defraud the insurer. It was there held that it was not error not to compel the district attorney to elect. However, in that action it appears that the several crimes were committed at substantially the same time, in the same village, and as a part of the same plan or scheme to burn the dwelling house and the personal property therein, to the end that the insurance on the said dwelling house and its contents might be collected by the defendant, as appears from the following language of the opinion (p. 554) :

"Copus testified that plaintiff in error promised him $100 for burning that building [dwelling house] and had suggested the plan of setting fire to the blacksmith shop and the barn to keep the attention of the fire department from the dwelling and restaurant until the fire there had gotten well under way."

In *State v. Galle,* 214 Wis. 46, 252 N. W. 277, the information contained five counts charging the defendant with, (1) the murder of Jackson, and (2), (3), (4), (5) assault upon one Mitchell (in four different degrees), by the same act that resulted in the death of Jackson. The death of Jackson and the injury to Mitchell resulted from the intentional act of the defendant in driving his automobile over the curb of a street and into a little park where Jackson and Mitchell were sitting. This court summarily disposed of the assignment of error based upon the refusal of the court to require the district attorney to allege on which counts of the information he would rely, by saying:

"This court has many times held that it is within the discretion of the trial judge to grant or deny a motion to require the district attorney to elect on which count he will proceed." Citing 2 Callaghan's Wis. Dig. p. 1619, § 139.

In none of our cases does it appear that we have approved of the proposition that two separate and distinct offenses, committed at different times upon or involving different persons or accomplices, and provable by different witnesses, though of the same class of crime, and violative of the same statute, may be joined in one information or indictment, and so submitted to the jury, against the objection of the defendant. It would seem, therefore, that the question is an open one in this state. In determining what "different offenses . . . may be joined in one information," the common law should be consulted for the purpose of determining what different offenses at common law may be joined in "different counts in one indictment." We may not, in the absence of legislative authority, change the rule of the common law with respect to indictments which the legislature recognized in 1871 as the rule applicable to the joining of different offenses in an information.

In 1 Wharton, Crim. Proc. (10th ed.), the common law relating to the joinder of offenses is treated at considerable

length. Ch. XVII, §§ 335 to 350. Although clearly recognizing the proposition that cognate felonies may be joined, as has been permitted by this court, that learned author states, §§ 340, 343:

". . . When the offenses developed in the evidence are distinct, the prosecution, as will presently be seen, will be compelled before verdict to elect that on which it relies." [Citing numerous cases.]

"As a general rule, when two offenses charged form parts of one transaction, the one an ingredient or corollary of the other, the prosecution will not be ordinarily called upon to elect upon which charge he will proceed. . . . But where two assaults at different times are proved an election will be compelled." [Citing cases.]

Summarizing the law as to the joinder of separate felonies, Wharton states, p. 396, § 344, sub. 4:

"Yet as to offenses of high grade in all States, and in some States as to all offenses, the court will not permit more than a single issue to go to the jury, and hence will require an election on the close of the prosecution's case, except in those cases in which offenses are so blended that it is eminently for the jury to determine which count it is that the evidence fits." [Citing numerous cases in the footnote.]

To the same effect is Clark, Crim. Proc. p. 291, ch. 9:

"Generally, where the offenses are actually separate and distinct, both in fact and in law, and are felonies, the indictment should be quashed on motion of the defendant, or the prosecutor should be required to elect upon which charge he will proceed. A person should not be tried for two separate and distinct felonies at one time."

Although it has been held by the supreme court of Massachusetts that separate counts charging separate and distinct crimes of the same nature, such as, (1) adultery committed with P. at a certain time, and (2) adultery committed with W. at another time, *Booth v. Commonwealth*, 5 Metc. 535, and such as, (1) abortion committed upon A at a certain time, and (2) abortion committed upon B at another time,

*Commonwealth v. Brown,* 121 Mass. 69, may be joined, such holdings are contrary to the great weight of authority in this country and England. No useful purpose would be served by citing the numerous cases from other jurisdictions which I have examined.

It is my conclusion that, at common law, separate, distinct, unconnected felonies, committed at different times, and upon or with different persons, and provable by different witnesses, could not be joined in a single indictment,. and therefore under our statute, sec. 355.14, such offenses may not be joined in a single information.

But regardless of whether the two separate and distinct felonies might be joined in the same information, it is my opinion that the trial court abused its discretion in refusing to compel the state to elect upon which of the two felony counts it should proceed. Even in Massachusetts, where separate and distinct crimes are permitted to be joined by different counts in one indictment, it was recently said in *Commonwealth of Massachusetts v. Slavski,* 245 Mass. 405, 140 N. E. 465, 29 A. L. R. 281, 284:

"It is the heavy obligation of the trial court sedulously to take care that the defendant is not confounded in his defense, that the attention of the jury is not distracted, and that in no aspect are the substantive rights of the defendant adversely affected, by requiring him to proceed to trial on separate complaints for different offenses, or on separate counts for different offenses in one complaint." Compare *Pointer v. United States,* 151 U. S. 396, 14 Sup. Ct. 410, and *State v. Gummer, supra.*

The reason for the rule which requires the state to elect upon which count of an information it will proceed, where the counts charge separate, distinct, unconnected crimes, not committed at substantially the same time, or upon or with the same person as accomplice or not, arising out of or closely connected with the same transaction, is that "there would inevitably be some jumbling of the two cases at the trial, which

would tend to prevent that concentrated consideration of each case which is indispensable, in matters of such gravity." *State v. Thompson,* 139 Kan. 59, 29 Pac. (2d) 1101.

No one can doubt, in an action of this kind, involving such abhorrent charges, or in actions involving other sex crimes such as adultery, statutory rape, incest, etc., where the proof generally rests largely upon the uncorroborated testimony of an accomplice, that proof of other similar crimes committed by the defendant upon or with a person or persons other than the complaining witness or accomplice, is prejudicial. *Abaly v. State,* 163 Wis. 609, 158 N. W. 308. As a result of the joining of the two separate distinct felony counts in the information, and the refusal of the court to compel the state to elect, the defendant, in my opinion, was unquestionably embarrassed in his defense and therefore prejudiced. *Pointer v. United States, supra; State v. Gummer, supra.*

In my opinion, the court of appeals of the District of Columbia, in *Kidwell v. United States,* 38 App. D. C. 566, succinctly expressed the rule applicable to a situation like this. In that case the information contained two counts. The first count charged the defendant with having, on December 18, 1908, carnally known one Gertrude Steele, a female child under the age of sixteen years. The second count charged the defendant with having, on July 15, 1909, carnally known one Kate Lightfoot, a female under the age of sixteen years. Motions were made to quash the indictment on the ground that two separate and distinct felonies, committed upon different persons, at different times and in no way connected, were charged in the indictment. The court held that, under sec. 1024, U. S. R. S. (title 18, § 557, USCA), which is broader than our statute, and is as follows:

"Where there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be

properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated,"

that joinder of the two offenses was permissible, but that it was an abuse of discretion for the trial court not to compel the government to elect upon which count of the indictment it would proceed. The court said:

"There are often circumstances which would render a uniting of several offenses unjust to a defendant, and, as the old cases put it, 'confound him in the making of his defense.' Whenever such a situation arises, the trial court will protect the defendant's right to a fair trial.

"We are in accord with this holding, to the effect that while the crimes here charged in the separate counts are of the same class, it still remained for the court to determine whether the charges were of such a nature as, by consolidation, to confound or embarrass defendant in making his defense. The offense charged in the first count is alleged to have been committed more than six months before that charged in the second. It is doubtful whether separate and distinct felonies, involving different parties, not arising out of the same transaction or dependent upon the same proof, should ever be consolidated. But it should not be permitted where the crimes charged are of such a nature that the jury might regard one as corroborative of the other, when, in fact, no corroboration exists. While consolidation for trial under this statute is within the discretion of the trial court, where there is an abuse of that discretion in a criminal case an appellate court will not hesitate to correct it.

"It is difficult to conceive of a condition more embarrassing or prejudicial to the defendant than the one here presented. In a felony of this enormity, where a conviction will be sustained upon the unassailed testimony of a single witness, and that the injured party, and where the difficulty of making a defense is unusually great, it is the duty of the court to carefully safeguard the defendant at every stage of the proceeding, and secure to him a trial legal in all respects. *Gazley v. State,* 17 Tex. App. 267; *People v. Cornelius,* 36

App. Div. 565, 55 N. Y. Supp. 723. We are of opinion that for the failure of the court to quash the indictment, or to compel the government to elect upon which count of the indictment it would proceed, a new trial should be granted."

It is my opinion that, regardless of whether the several counts were properly joined in the information, the trial court abused its discretion in not compelling the district attorney to elect upon which felony count of the information the defendant should be tried.

I am authorized to state that Mr. Justice FRITZ and Mr. Justice WICKHEM concur in this opinion.

A motion for a rehearing was denied, without costs, on April 30, 1935.